IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JORDAN ESKEW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-00804-ADA-SH |
| | § | |
| STONE HILTON PLLC, | § | |
| CHRISTOPHER HILTON, AND JUDD | § | |
| STONE, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MOTION TO STRIKE ALLEGATIONS FROM PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Stone Hilton PLLC, Christopher Hilton ("Hilton"), and Judd Stone ("Stone") (collectively, "Defendants") move the Court to strike specific allegations from Plaintiff Jordan Eskew's ("Plaintiff" or "Eskew") First Amended Complaint (ECF No. 4) ("Plaintiff's Complaint") and respectfully show the Court as follows:

**I. INTRODUCTION**

From June to September 2023, Eskew, Hilton and Stone took an administrative leave from their employment at the Office of the Texas Attorney General ("OAG") to work together at Stone Hilton PLLC, a private law firm that Hilton and Stone formed in order to defend Texas Attorney General Ken Paxton in his impeachment trial. During this time, the relationship between the Attorney General's First Assistant Brent Webster ("Webster") on the one hand, and Stone and Hilton on the other, deteriorated. Eskew, Hilton, and Stone resumed their employment at the OAG in October 2023, but the discord between Webster and Hilton/Stone culminated in Hilton and Stone resigning from the OAG and resuming their work in the private sector at Stone Hilton PLLC. Over the course of the following year, Webster continued to meddle in Defendants' business

prospects, disparaging them and undermining their client relationships. On November 27, 2024, Defendants responded to Webster's interference by requesting public records from the OAG regarding Webster's use (and suspected misuse) of state funds. *See* ECF No. 4, Ex. 6. Webster retaliated by authoring Exhibit 5 to Plaintiff's Complaint on December 2, 2024, fourteen months after the events at issue in this lawsuit.

Webster's December 2, 2024 email is nothing more than an inadmissible hearsay recitation of Eskew's allegations coupled with wholly irrelevant and scandalous hearsay allegations regarding Defendants that Plaintiff herself neither witnessed nor alleged in her Texas Workforce Commission ("TWC") Charge of Discrimination ("Charge"). Webster's allegations are transparently included in Plaintiff's lawsuit for the purpose of slinging mud on behalf of Webster, a third party who is not alleged to have direct involvement in Plaintiff's allegations nor witnessed the conduct alleged by Plaintiff, and generating "clickbait" online. Further, all of Webster's allegations that were not asserted in Eskew's Charge were time-barred at the time of Webster's email, in that they all occurred over 300 days before December 2, 2024, with no Charge filed. The letter also includes a multitude of allegations by Webster (who is not a party to this lawsuit) against Defendants that are irrelevant, inflammatory, unsubstantiated, and prejudicial.

The Webster email and its allegations were first included in Plaintiff's Original Complaint, filed May 27, 2025, which did not assert a sexual harassment claim. ECF No. 1. Plaintiff alleges she did not assert a sexual harassment claim in her Original Complaint because the TWC had not yet issued a notice to Plaintiff of her right to file a civil action (ECF No. 1, ¶ 39), but such notice is not a prerequisite to filing suit under Chapter 21 of the Texas Labor Code. *See* TEX. LAB. CODE § 21.252 ("Failure to issue the notice of a complainant's right to file a civil action does not affect the complainant's right under this subchapter to bring a civil action against the respondent."). In

actuality, Plaintiff's pleading strategy – file the scandalous allegations first in order to generate a wave of negative press, then wait until the negative press subsided to amend and serve Defendants – was devised to incite a flurry of "hit piece" media articles against Defendants, and successfully so.[1] Indeed, Plaintiff's counsel delayed sending service waiver forms to the undersigned until June 16, 2025, presumably to allow the media traffic time to run its course.

## II. ARGUMENT AND ANALYSIS

### A. Legal Standard.

Rule 12(f) of the Federal Rules of Civil Procedure provides that the Court may strike from any pleading redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f). However, striking material from a pleading is generally disfavored and reserved for material that "can have no possible bearing upon the subject matter" and may prejudice a party. *Dishner v. Universal Health Servs., Inc.*, No. 3:17-cv-3321-D, 2018 WL 1617844, at *1 (N.D. Tex. Apr. 4, 2018) (citing *Pan Am. Life Ins. Co. v. Blanco*, 311 F.2d 424, 428 n.13 (5th Cir. 1962); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 645 (N.D. Tex. 2007). "Prejudice results to the moving party where the allegation or defense would have 'the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party.'" *Id.* (quoting *Certain*

---

[1] *See, e.g., Texas Solicitor General Resigned After Fantasizing Colleague Would Get 'Anally Raped By a Cylindrical Asteroid'* (May 28, 2025, 12:11 PM), https://www.404media.co/texas-solicitor-general-judd-stone-resigned/ (last visited July 23, 2025); *Lawsuit alleges sexual harassment by two officials in Texas attorney general's office* (May 30, 2025, 12:23 PM), https://www.texasstandard.org/stories/texas-attorney-general-office-sexual-harassment-lawsuit-judd-stone-chris-hilton/ (last visited July 23, 2025); *Top deputies to Attorney General Ken Paxton pushed out over sexual harassment allegations, lawsuit says* (May 28, 2025, 2:00 PM), https://www.texastribune.org/2025/05/28/judd-stone-chris-hilton-texas-attorney-general-sexual-harassment/ (last visited July 23, 2025); *Lawsuit details wage theft, harassment by former Texas OAG leaders during Paxton impeachment* (May 28, 2025, 03:23 PM), https://www.kxan.com/news/texas/lawsuit-details-wage-theft-harassment-by-former-texas-oag-leaders-during-paxton-impeachment/ (last visited July 23, 2025); *A Solicitor General And An Asteroid Walk Into A Sexual Harassment Complaint… Stop Me If You've Heard This One* (May 28, 2025, 5:30 PM), https://abovethelaw.com/2025/05/sexual-harassment-doesnt-begin-to-cover-it-lawsuit-against-former-texas-solicitor-general-goes-interstellar/ (last visited July 23, 2025); *Top Texas AG aides resigned amid harassment allegations, lawsuit claims* (May 28, 2025, 5:54 PM), https://www.fox7austin.com/news/texas-attorney-general-sexual-harassment-judd-stone-chris-hilton (last visited July 23, 2025); *Texas Solicitor General Resigns After Sharing Bizarre Fantasy About An Asteroid* (May 30, 2025, 4:12 PM), https://futurism.com/texas-politician-resigns-asteroid (last visited July 23, 2025).

*Underwriters at Lloyd's v. Bell*, 2014 WL 4546046, at *4 (S.D. Miss. Sept. 11, 2014) (quoting *Cumis Ins. Soc., Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997))). Prejudice also arises when the pleadings would require Defendants to respond to unnecessary discovery. *Id.* at *4. "The essential function of a Rule 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Id.* (citing *Doe v. Roman Catholic Diocese of Galveston-Hous.*, 2006 WL 2413721, at *2 (S.D. Tex. Aug. 18, 2006)).

**B.     The Court Should Strike Paragraphs 44 and 45 and Exhibit 5 from Plaintiff's Complaint.**

The Court should strike Paragraphs 44 and 45 and Exhibit 5 from Plaintiff's Complaint as they contain scandalous allegations that are immaterial, impertinent, and clearly asserted for the sole purpose of generating inflammatory media attention. The Court may exercise its discretion to strike scandalous allegations, which "generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Florance*, 500 F. Supp. at 645 (quoting *Cobell v. Norton*, 224 F.R.D. 266, 280 (D.D.C. 2004)). Further, Paragraphs 44 and 45 and Exhibit 5 result in prejudice to Defendants because they confuse the issues and are so lengthy and complex that they place an undue burden on Defendants in responding to Plaintiff's Complaint and responding to unnecessary discovery. *Dishner*, 2018 WL 1617844, at *2. As a result, Paragraphs 44 and 45 and Exhibit 5 of Plaintiff's Complaint go well beyond the "simple, concise, and direct" allegations needed to demonstrate a plausible claim, such that Plaintiff's Complaint fails to abide by federal pleading standards. *Id.* at *3 (citing Fed. R. Civ. P. 8(d)(1); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Hartz v. Friedman*, 919 F.2d 469, 471 (7th Cir. 1990)).

The allegations in Paragraphs 44 and 45 and Exhibit 5 are clearly intended to harass, embarrass, and disparage Defendants. Moreover, these scandalous statements from a third party are immaterial to *Plaintiff's* claims in this case: sexual harassment, intentional infliction of emotional distress, unpaid overtime, and breach of contract claims arising out of her employment with Stone Hilton PLLC – not the OAG – for the period of June through September 2023. Webster was never employed by Stone Hilton PLLC, he did not witness Eskew's employment with Stone Hilton PLLC, and (except to the extent Webster's email repeats Eskew's own allegations) Eskew did not witness any of the events Webster describes in his December 2, 2024 email, which are not alleged to have occurred at or in connection with the working environment at Stone Hilton PLLC, were not included in Eskew's Charge, and were and continue to be time-barred.[2] Therefore, Webster's email cannot serve as evidentiary support for Eskew's claims. Instead, Webster's email is utilized for an improper purpose. Plaintiff's only motive in incorporating Webster's email into her Complaint is to inflame and embarrass Defendants. Such allegations have no proper place in the Complaint, given the claims alleged, and it would be prejudicial against Defendants to have to unnecessarily litigate Webster's disparaging and time-barred claims in addition to Plaintiff's claims. Accordingly, justice requires the Court strike Paragraphs 44 and 45 and Exhibit 5.

### III. CONCLUSION

As explained in more detail above, Defendants respectfully request that the Court strike Paragraphs 44 and 45 of Plaintiff's Complaint (ECF No. 4) and Exhibit 5 thereto, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and award Defendants all other relief to which they may be justly entitled.

---

[2] *See* TEX. LAB. CODE § 21.202 ("Statute of Limitations").

Dated: August 5, 2025                                  Respectfully submitted,

                                                      */s/ Melinda J. Wetzel*
Kimberly R. Miers
Texas Bar No. 24041482
kmiers@littler.com
Melinda J. Wetzel
Texas Bar No. 24115637
mwetzel@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone:   512.982.7250
Facsimile:    512.982.7248

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

     I hereby certify that Counsel for Defendants conferred with Counsel for Plaintiff via email on August 4, 2025, and Plaintiff opposes the relief requested herein.

                                                  */s/ Melinda J. Wetzel*
Melinda J. Wetzel

## CERTIFICATE OF SERVICE

     I hereby certify that on August 5, 2025, a true and correct copy of the foregoing was served on all counsel of record by the Court's ECF system, including:

Emily Frost
Frost Domel PLLC
2499 S. Capital of Texas Hwy.
Suite B-203
Austin, Texas 78746
emily@frostdomel.com

*Attorney for Plaintiff*

                                                  */s/ Melinda J. Wetzel*
Kimberly R. Miers
Melinda J. Wetzel

6