## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JORDAN ESKEW,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| **STONE HILTON PLLC,** | § | |
| **CHRISTOPHER HILTON, AND JUDD** | § | **CIVIL ACTION NO. 1:25-cv-00804-** |
| **STONE,** | § | **ADA-SH** |
| **Defendants.** | § | |
| | § | |
| | § | |
| | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint should be denied because Plaintiff's proposed amendment is futile. The race-based hostile work environment claim that Plaintiff seeks to assert in Plaintiff's proposed Second Amended Complaint ("SAC") is insufficient to withstand a Rule 12(b)(6) motion to dismiss, for the same reasons Plaintiff's sex-based hostile work environment claim fails, as set forth in Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint ("FAC").[1] *See* ECF No. 12. As such, the Motion for Leave should be denied.

## I.    PROCEDURAL BACKGROUND

Plaintiff filed suit on May 27, 2025, asserting unpaid wages and overtime, intentional infliction of emotional distress, breach of contract, promissory estoppel, and quantum meruit. ECF No. 1. On June 16, 2025, Plaintiff filed her First Amended Complaint, adding a claim for sexual harassment under the Texas Labor Code. ECF No. 4.

---

[1] Additionally, Defendants continue to oppose the sex-based hostile work environment and intentional infliction of emotional distress claims Plaintiff re-asserts without change in her proposed SAC, for the reasons stated in their Partial Motion to Dismiss. *See* ECF No. 12.

On August 15, 2025, Defendants filed their Partial Motion to Dismiss Plaintiff's sexual harassment and intentional infliction of emotional distress ("IIED") claims, which is currently pending before the Court. ECF No. 12.

On August 18, 2025, Plaintiff filed a Motion for Leave to file her SAC to add a race-based hostile work environment claim pursuant to 42 U.S.C. § 1981. ECF No. 14. Plaintiff's proposed SAC adds no new factual allegations to support this claim and fails to cure the deficiencies raised in Defendants' Partial Motion to Dismiss. On August 18, 2025, Plaintiff also filed her unopposed Motion for Extension of Time to respond to Defendants' Partial Motion to Dismiss, which this Court granted. ECF No. 15. Plaintiff's response to Defendants' Partial Motion to Dismiss is currently due on or before September 12, 2025.

The Court should deny Plaintiff's Motion for Leave because, even accepting her allegations as true, Plaintiff fails to allege sufficient facts to support a viable race-based hostile work environment claim. And for the reasons stated in Defendants' Partial Motion to Dismiss (ECF No. 12) and Motion to Strike (ECF No. 6) pending before the Court, Plaintiff still fails to plead sufficient facts to sustain her unrevised claims for IIED and sex-based hostile work environment. As such, Defendants should not be burdened with responding to the SAC, which only reinforces the futility in amending.

## II.     ARGUMENT & AUTHORITIES

### A.     Standard for Granting Leave to Amend under Rule 15(a)

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that if more than 21 days have passed since serving a pleading "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* While Rule 15(a) generally weighs in favor of the party seeking leave, "'[l]eave to amend is in no way automatic.'" *Body by Cook, Inc. v. State Farm Mut.*

*Auto. Ins.*, 869 F.3d 381, 391 (5th Cir. 2017) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (brackets in original). Courts analyze five elements "to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

## B.     Plaintiff Could Have Pleaded Race-Based Hostile Work Environment in Her Original Complaint and/or First Amended Complaint but Did Not.

The Fifth Circuit and its district courts routinely deny untimely motions to amend when the proposed amendment arises out of information available at the time of a litigant's initial pleadings. *See, e.g., Joe Hand Promotions, Inc. v. Seay*, No. 6:17-cv-00310-ADA, 2018 WL 7286494, at *3 (W.D. Tex. Sept. 26, 2018), *report and recommendation adopted*, No. 6:17-CV-00310-ADA, 2018 WL 7286495 (W.D. Tex. Oct. 16, 2018) (denying leave to amend, in part, because the same basic facts in plaintiff's complaint raised a reasonable suspicion of proposed additional claims); *Mott v. Pfpc, Inc.*, No. 3:02-cv-1366-G, 2003 WL 21222678, at *2 (N.D. Tex. Mar. 28, 2008) (denying leave to amend because proposed amendment relied heavily on language in a document known to plaintiff from the time of his initial complaint); *Clayton v. ConocoPhillips Co.*, No. H-08-3447, 2010 WL 1463466, at *3 (S.D. Tex. Apr. 12, 2010) (stating that plaintiff's knowledge of the same facts and legal theories as relied on in his original petition was an adequate basis to deny leave to amend); *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 549 (5th Cir. 2003) (denying leave to amend upon finding that "[movant] was aware of the contract that forms the basis of its proposed [counterclaim] months in advance of the deadline and does not offer a satisfactory explanation for its delay in seeking leave to amend"); *see also Callegari v. Thomas*, No. CIVA H-06-2843, 2006 WL 3448630, at *8 (S.D. Tex. Nov. 28, 2006), *aff'd*, 234 F. App'x

327 (5th Cir. 2007) (denying plaintiff's first motion for leave to amend where plaintiff was aware of defendant's objections to her complaint as written via defendant's motion to dismiss, failed to demonstrate how she would replead her claims in light of those objections, and had not alleged "any additional facts not initially pleaded that could, if necessary, cure the pleading defects").

Here, Plaintiff's proposed SAC adds *no new facts*. Plaintiff's failure to assert this claim in her first two pleading attempts, not to mention her failure to assert any race-based claims before the Texas Workforce Commission in the underlying agency proceedings, is telling. This Court should not reward Plaintiff's gamesmanship by granting her a third bite at the apple, and a third opportunity to publicize her claims through the media.

## C.    Plaintiff's Proposed Amendment Would Be Futile

Further, the Court should deny Plaintiff's Motion for Leave to Amend because Plaintiff's proposed amendment is futile. "Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports*, 751 F.3d at 378. "An amendment is considered futile if 'the amended complaint would fail to state a claim upon which relief could be granted.'" *SGK Props., L.L.C. v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Com. Mortg. Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 944–45 (5th Cir. 2018) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000)). In other words, "[a]n amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports*, 751 F.3d at 378.

Title VII, Section 1981, and Chapter 21 discrimination claims are all analyzed under the same framework. *See, e.g., Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) ("The analysis of discrimination claims under § 1981 is identical to the analysis of Title VII claims."); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001)

("[A]nalogous federal statutes and the cases interpreting them guide our reading of [Chapter 21]."). Therefore, Plaintiff's proposed race-based hostile work environment claim is subject to the same *prima facie* standard as her sex-based hostile work environment claim, and it fails for the same reasons Plaintiff's sex-based hostile work environment claim fails. Namely, because Stone's alleged remarks do not rise to the level of "severe or pervasive" and do not approach the level of extreme conduct that would prevent Plaintiff from succeeding in the workplace. *See* ECF No. 12 at 9-12 (Section B(2)(ii)).

Plaintiff's proposed SAC alleges that she was subjected to a race-based hostile work environment solely based on the following incident, which was previously alleged in her Original Complaint and FAC: "around July 17, 2023, . . . Judd Stone told Plaintiff that she is 'white trash' because she was wearing turquoise earrings." ECF No. 14-1, ¶¶ 26, 97-107; *compare with* ECF No. 1, ¶ 19; ECF No. 4, ¶ 24. This single isolated incident falls far short of stating a claim for race-based hostile work environment against Defendants, especially in light of the fact that Defendants Stone and Hilton are white, like Plaintiff. *See e.g., McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 460 (5th Cir. 2019) ("[O]n numerous occasions, this court has held that discrimination is less likely when the supervisor is in the same protected class as the plaintiff.") (citing *Kelly v. Costco Wholesale Corp.*, 632 F. App'x 779, 783 (5th Cir. 2015) ("[The plaintiff's] membership in the same protected class as [the supervisor] bolsters the inference that age discrimination was not the reason for his termination."); *Donald v. Plus4 Credit Union*, 2017 WL 3235659, at *9 (S.D. Tex. Jul. 31, 2017) ("Here, [CEO] is of the same protected class as [plaintiff] and was the same person who hired and fired her, generating a rebuttable inference that racial discrimination was not the employer's motivating factor."); *Thomas v. Group 1 Auto., Inc.*, No. CV H-23-1416, 2025 WL 19108, at *4 (S.D. Tex. Jan. 2, 2025) ("It is also undisputed that General

Manager Cooper, who was involved in the decision to terminate [plaintiff], is African American, which undermines an inference that [plaintiff's] termination was racially motivated.").

Isolated offhand comments, discourtesy, and rudeness of this sort do not rise to the level of severe or pervasive conduct. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 264 (5th Cir. 1999) ("Discourtesy or rudeness, 'offhand comments and isolated incidents (unless extremely serious) will not amount to discriminatory changes in 'terms and conditions of employment.'") (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)); *see also Price v. Valvoline, L.L.C.*, 88 F4th 1062, 1067 (5th Cir. 2023) (finding that two incidents where a black plaintiff was called a "lazy boy" and was told that "you people always want something for free," although historically used in demeaning ways towards black men, were insufficiently severe to establish a hostile work environment); *Hernandez v. Yellow Transp. Inc.*, 670 F.3d 644, 652 (5th Cir. 2012) (holding that a plaintiff being called a racially derogatory term and seeing a poster or letter that was derogatory about Hispanics was not sufficient to support a hostile work environment claim). The Fifth Circuit has affirmed the dismissal of a race-based hostile work environment claim where plaintiff's supervisor made three derogatory comments to him, including one instance in which the supervisor shouted at plaintiff that he was "f----- lazy white trash" because "[s]uch isolated incidents do not support a hostile work environment claim." *Keel v. Wal-Mart Stores, Inc.*, No. 1:11-CV-248, 2012 WL 3263575, at *15 (E.D. Tex. July 17, 2012), *report and recommendation adopted*, No. 1:11-CV-248, 2012 WL 3262882 (E.D. Tex. Aug. 9, 2012), *aff'd*, 544 F. App'x 468 (5th Cir. 2013). Here, Plaintiff's entire race-based hostile work environment claim hinges on a single comment about earrings. Plaintiff's frivolous claim fails as a clear matter of law.

Accordingly, because Plaintiff's proposed SAC fails to state a claim against Defendants for race-based hostile work environment—just as her FAC fails to state a claim against Defendants

for sex-based hostile work environment—her proposed amendment is futile. *See, e.g.*, *SGK Props.*, 881 F.3d at 945 (affirming denial of leave to amend where plaintiffs' attempts to pursue additional claims would have been futile for the same reasons the court affirmed summary judgment dismissal of their original claims); *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013) ("As we have determined that the district court correctly dismissed [the claims that would have remained in the complaint as amended], [p]laintiffs' motions to amend were futile. Accordingly, the district court did not abuse its discretion in implicitly denying [p]laintiffs' motions to amend."). The Court should therefore deny Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint.

### III.    CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court deny Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint.

Dated:  August 27, 2025                                    Respectfully submitted,


                                                          /s/ Melinda J. Wetzel
                                                          Kimberly R. Miers
                                                          Texas Bar No. 24041482
                                                          kmiers@littler.com
                                                          Melinda J. Wetzel
                                                          Texas Bar No. 24115637
                                                          mwetzel@littler.com
                                                          LITTLER MENDELSON, P.C.
                                                          100 Congress Avenue, Suite 1400
                                                          Austin, Texas 78701
                                                          Telephone:    512.982.7250
                                                          Facsimile:     512.982.7248
                                                          **ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 27, 2025, a true and correct copy of the foregoing was served on all counsel of record by the Court's ECF system, including:

Emily Frost
Frost Domel PLLC
2499 S. Capital of Texas Hwy.
Suite B-203
Austin, Texas 78746
emily@frostdomel.com

Michael E. Lovins
Lovins Law
1301 S. Capital of Texas Hwy., A-136
Austin, Texas 78746
michael@lovinslaw.com

***Attorneys for Plaintiff***

*/s/ Melinda J. Wetzel*
Kimberly R. Miers
Melinda J. Wetzel