**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JORDAN ESKEW,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:25-cv-00804-** |
| | § | **ADA-SH** |
| **STONE HILTON PLLC,** | § | |
| **CHRISTOPHER HILTON, AND JUDD** | § | |
| **STONE,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER
DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Stone Hilton PLLC, Christopher Hilton, and Judd Stone (collectively, "Defendants") file their Answer and Affirmative and Other Defenses to Plaintiff Jordan Eskew's ("Plaintiff" or "Eskew") Second Amended Complaint ("Complaint").

The allegations in Plaintiff's Complaint are hereinafter answered by the correspondingly numbered paragraphs below. Unless specifically admitted in this pleading, the allegations are denied.

**Introduction**[1]

1.      Defendants acknowledge that Plaintiff purports to bring a claim under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"). Defendants deny that Plaintiff is entitled to any damages arising out of the Complaint, including without limitation actual damages, liquidated damages, or attorneys' fees and costs.

2.      Defendants acknowledge that Plaintiff purports to bring a claim for intentional

---

[1] Defendants use the headings from the Complaint for the Court's reference only and specifically deny any factual allegations set forth in the Complaint's headings.

infliction of emotional distress.  Defendants deny that Plaintiff is entitled to any damages arising out of the Complaint, including without limitation damages for mental anguish or punitive damages.

3.      Defendants acknowledge that Plaintiff purports to bring a claim for breach of contract, promissory estoppel, and quantum meruit.  Defendants deny that Plaintiff is entitled to any damages arising out of the Complaint, including without limitation actual damages or attorneys' fees and costs.

4.      Defendants acknowledge that Plaintiff purports to bring a claim for sexual harassment under the Texas Labor Code.  Defendants deny that Plaintiff is entitled to any damages arising out of the Complaint, including without limitation compensatory damages, punitive damages, or attorneys' fees and costs.

5.      Defendants acknowledge that Plaintiff purports to bring a claim for hostile work environment based on race under 42 U.S.C. § 1981.  Defendants deny that Plaintiff is entitled to any damages arising out of the Complaint, including without limitation compensatory damages, punitive damages, or attorneys' fees and costs.

### Jurisdiction

6.      Defendants admit the allegations in Paragraph 6.

### Venue

7.      Defendants admit the allegations in Paragraph 7.

### Parties

8.      Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's residence and therefore deny the allegations in Paragraph 8.

9.      Defendants admit the allegations in Paragraph 9.

10.     Defendants admit the allegations in Paragraph 10.

**DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT - Page 2**

11.     Defendants admit the allegations in Paragraph 11.

## Facts

12.     Defendants admit that Plaintiff worked for Defendant Stone Hilton PLLC, a law firm, from approximately June 2023 to September 2023. Defendants deny the remaining allegations in Paragraph 12.

13.     Defendants admit the allegations in Paragraph 13.

14.     Defendants admit the quoted language appears on Stone Hilton PLLC's website. Defendants deny the remaining allegations in Paragraph 14 as stated and characterized by Plaintiff.

15.     Defendants admit the allegations in Paragraph 15.

16.     Defendants admit the allegations in Paragraph 16.

17.     Defendants admit the allegations in Paragraph 17.

18.     Defendants admit the allegations in Paragraph 18, except that Defendants deny that Stone asked Plaintiff if she would join Stone Hilton PLLC, which did not exist until after Plaintiff, Stone, and Hilton took leaves of absence from the AG's Office.

19.     Defendants admit the allegations in Paragraph 19, except that these attorneys did not take leaves of absence "to join" Stone Hilton PLLC, which did not exist until after they took leaves of absence from the AG's Office.

20.     Defendants admit that Plaintiff, Stone, Hilton and Jackson went to Mort Subite Belgian Bar on or about June 16, 2023.  Defendants admit that Stone and Hilton ordered four 20-milliliter servings of Underberg, a German herbal digestive bitter. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 20 and therefore deny same.

21.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 21 and therefore deny same.

22.     Defendants admit that they approved the Stone Hilton PLLC website, and that the quoted language appears on Stone Hilton PLLC's website. Defendants deny the remaining allegations in Paragraph 22 as stated and characterized by Plaintiff.

23.     Defendants admit the allegations in Paragraph 23.

24.     Defendants admit that the quoted language appears on Stone Hilton PLLC's website. Defendants admit that they did not provide any anti-discrimination or anti-harassment training to employees of Stone Hilton PLLC in 2023. Defendants deny the remaining allegations in Paragraph 24.

25.     Defendants admit that on or around June 20, 2023, Plaintiff brought lunch over two hours late for the Stone Hilton attorneys and other members of the impeachment team. Defendants admit that Defendants counseled Plaintiff regarding her job performance. Defendants deny the remaining the allegations in Paragraph 25.

26.     Defendants admit that Stone referred to Plaintiff's turquoise earrings as "white trash," but deny the remaining allegations in Paragraph 26.

27.     Defendants admit that part of Plaintiff's job duties were to accurately and timely submit expense reimbursements, and that on occasion there were things missing from those reimbursements. Defendants deny the remaining allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28.

29.     Defendants admit Plaintiff did not seek reimbursement from Stone Hilton PLLC for Botox treatments or hair salon treatments. Defendants deny the remaining allegations in Paragraph 29.

30.     Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Paragraph 30 and therefore deny same.

31.     Defendants deny that Stone "was hanging over the upstairs railings screaming at the female attorneys" or that only female attorneys worked on the ground floor of the Stone Hilton PLLC Office. Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 31 and therefore deny same.

32.     Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Paragraph 32 and therefore deny same.

33.     Defendants admit the allegations in Paragraph 33.

34.     Defendants deny that Christopher Hilton and Judd Stone regularly drank alcohol at the Stone Hilton PLLC office during the workday. Defendants lack knowledge or information sufficient to form a belief regarding what "Plaintiff regularly observed." Defendants admit the remaining allegations in Paragraph 34.

35.     Defendants admit that Plaintiff was paid at the rate of $10,000 per month, not including any bonus or expense reimbursement.  Defendants deny the remaining allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36.

37.     Defendants admit the allegations in Paragraph 37.

38.     Defendants deny that "Webster confronted Judd Stone and Christopher Hilton about Amy Hilton's and Plaintiff's allegations, and Stone promptly admitted that all of the allegations were true and that the actions described by Amy Hilton and Plaintiff did indeed happen, and Christopher Hilton did not contest the allegations made by Amy Hilton and Plaintiff." Defendants admit that Webster is Caucasian, like Plaintiff. Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 38 and therefore deny same.

39.     Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Paragraph 39 and therefore deny same.

40.     Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Paragraph 40 and therefore deny same.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants deny that "Dorfman informed Stone and Christopher Hilton that if they did not resign, they would be terminated." Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 42 and therefore deny same.

43.     Defendants admit the allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants admit the allegations in Paragraph 45.

46.     Defendants admit that, on or about March 28, 2024, Plaintiff filed a sexual harassment charge at the Texas Workforce Commission ("TWC") against Defendants. Defendants deny the remaining allegations in Paragraph 46.

47.     Defendants admit the allegations in Paragraph 47.

48.     Defendants lack knowledge or information sufficient to form a belief regarding the allegations in Paragraph 48 and therefore deny same.

49.     Defendants admit that Stone told a joke that was substantially similar to the statement alleged in Paragraph 49.

50.     Defendants deny telling the employees of Stone Hilton PLLC that "the chairs were a gift they could all keep and 'if we all go back to the OAG, we will all have badass chairs.'" Defendants admit the remaining allegations in Paragraph 50.

51.     Defendants admit that Plaintiff returned an office chair to Stone Hilton PLLC via

its lawyers. Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 51 and therefore deny same.

52.     Defendants admit the allegations in Paragraph 52.

53.     Defendants admit that, on or about June 11, 2025, the TWC issued a Determination Letter with respect to Plaintiff's TWC Charge, and that said Determination Letter is attached to Plaintiff's First Amended Complaint as "Exh. 7" (ECF No. 29-5). Defendants deny the remaining allegations in Paragraph 53 as stated and characterized by Plaintiff.

**VI.    Conclusion**

54.     Defendants admit the allegations in Paragraph 54.

55.     Defendants admit the allegations in Paragraph 55.

**Intentional Infliction of Emotional Distress against All Defendants**

56.     Defendants admit that Plaintiff seeks to incorporate all foregoing paragraphs into Paragraph 56 and incorporates their prior admissions and denials to those Paragraphs as if set forth fully herein.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

**Violations of the Fair Labor Standards Act against All Defendants**

59.     Defendants admit that Plaintiff seeks to incorporate all foregoing paragraphs into Paragraph 59 and incorporates their prior admissions and denials to those Paragraphs as if set forth fully herein.

60.     Defendants admit the allegations in Paragraph 60.

61.     Defendants admit the allegations in Paragraph 61.

62.     Defendants admit the allegations in Paragraph 62.

63.     Defendants admit the allegations in Paragraph 63.

64.     Defendants admit the allegations in Paragraph 64.

65.     Defendants admit that Plaintiff managed the Stone Hilton PLLC office and in her capacity as Office Manager, she performed some of the duties identified in Paragraph 65 when, based on her discretion and independent judgment she deemed those tasks necessary to ensure the successful management of the law office.  Defendants deny the remaining allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants admit the allegations in Paragraph 67.

68.     Defendants admit the allegations in Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants deny the allegations in Paragraph 70.

71.     Defendants deny the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72.

73.     Defendants deny that "Plaintiff's contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorneys' fees that Plaintiff is entitled to collect against Stone Hilton PLLC, Judd Stone, and Christopher Hilton pursuant to 29 U.S.C. § 216(b)." Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 73 and therefore deny same.

### Breach of Contract/Promissory Estoppel/Quantum Meruit against Stone Hilton PLLC

74.     Defendants admit that Plaintiff seeks to incorporate all foregoing paragraphs into Paragraph 74 and incorporates their prior admissions and denials to those Paragraphs as if set forth fully herein. Defendants deny the remaining allegations in Paragraph 74.

75.     Defendants deny the allegations in Paragraph 75.

76.     Defendants deny the allegations in Paragraph 76.

77.     Defendants admit the allegations in Paragraph 77.

78.     Defendants deny the allegations in Paragraph 78.

79.     Defendants deny the allegations in Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80.

### Sexual Harassment under Texas Labor Code against All Defendants

81.     Defendants admit that Plaintiff seeks to incorporate all foregoing paragraphs into Paragraph 81 and incorporates their prior admissions and denials to those Paragraphs as if set forth fully herein.

82.     Defendants admit the allegations in Paragraph 82.

83.     Defendants admit the allegations in Paragraph 83.

84.     Defendants admit that Plaintiff, Stone, Hilton and Jackson went to Mort Subite Belgian Bar in Austin on June 16, 2023.  Defendants admit that Stone and Hilton ordered four 20-milliliter servings of Underberg, a German herbal digestive bitter. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 84 and therefore deny same.

85.     Defendants deny that "Stone Hilton PLLC admitted to the TWC that the sexual comment at the bar was made." Defendants admit that "Stone Hilton PLLC denied to the TWC the sexual nature of the comment," stating that the comment "was not explicitly or implicitly sexual in nature."

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87.

88.     Defendants deny the allegations in Paragraph 88.

89.     Defendants deny the allegations in Paragraph 89.

90.     Defendants deny the allegations in Paragraph 90.

91.     Defendants admit that Stone and Hilton "acted in the capacity of supervisors/managers through their assignment of tasks to Plaintiff and control of her work environment[.]" Defendants deny the remaining allegations in Paragraph 91.

92.     Defendants deny the allegations in Paragraph 92.

93.     Defendants deny the allegations in Paragraph 93.

94.     Defendants admit that Plaintiff is seeking an award of reasonable attorney's and costs but denies that such damages are owed by Defendants.

## Hostile Work Environment Based on Race under 42 U.S.C. § 1981 against All Defendants

95.     Defendants admit that Plaintiff seeks to incorporate all foregoing paragraphs into Paragraph 95 and incorporates their prior admissions and denials to those Paragraphs as if set forth fully herein.

96.     Defendants admit the allegations in Paragraph 96.

97.     Defendants admit the allegations in Paragraph 97.

98.     Defendants admit that Stone referred to Plaintiff's turquoise earrings as "white trash," but deny the remaining allegations in Paragraph 98.

99.     Defendants deny the allegations in Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103.

104.    Defendants deny the allegations in Paragraph 104.

105.    Defendants deny the allegations in Paragraph 105.

106.    Defendants deny the allegations in Paragraph 106.

107.    Defendants deny the allegations in Paragraph 107.

108.    Defendants admit the allegations in Paragraph 108.

109.    Defendants admit that Plaintiff is seeking an award of reasonable attorney's and costs but denies that such damages are owed by Defendants.

## Jury Trial

110.    Defendants admit that Plaintiff makes a demand for a jury trial, but denies the allegations suggest that Plaintiff is entitled to a jury trial on any or all issues.

## Request for Relief

In response to the Request for Relief paragraph, Defendants deny all allegations contained therein.  Defendants also expressly deny that Plaintiff is entitled to any damages and/or relief arising out of the Complaint as Defendants took no action nor committed any omission that would constitute a violation of any local, state, or federal common or statutory law.

Any and all allegations in Plaintiff's Complaint not expressly admitted herein are hereby denied by Defendants.

## AFFIRMATIVE AND OTHER DEFENSES

By way of further answer, and without admitting any allegations asserted in the Complaint, Defendants affirmatively plead the following defenses.  Nothing stated in any of the following defenses constitutes a concession that Defendants bear any burden of proof on any issue that it would not otherwise bear such burden.  Defendants reserve the right to supplement these pleadings with further applicable defenses as more facts become available.  To the extent any defenses or legal theories may be interpreted as inconsistent, they are pleaded in the alternative.

1.    Plaintiff's claims should be dismissed, in whole or in part, for failure to state a claim upon which relief may be granted.

2.    Plaintiff's claims are barred to the extent that her claims or supporting allegations exceed the reasonable scope and investigation of the Charge that Plaintiff filed with the TWC.

3.      Any actions taken concerning Plaintiff, if any, were done in good faith and for legitimate, nondiscriminatory business reasons, and done without discriminatory intent, purpose, or effect.

4.      Defendants plead that the employment actions taken with respect to Plaintiff would have been taken in the absence of any alleged impermissible motivating factor.

5.      Defendants plead that the employment actions about which Plaintiff complain were taken for reasons other than Plaintiff's protected characteristic(s).

6.      To the extent Plaintiff failed to mitigate her alleged damages, Defendants are entitled to an offset for any amounts earned or that Plaintiff could have earned if she had fulfilled her mitigation duties.

7.      Plaintiff is not entitled to recover punitive damages because she cannot show intentional conduct by Defendants and/or that Defendants acted with actual malice.

8.      Plaintiff cannot recover punitive damages for any alleged harassment because any such alleged harassment would be contrary to Defendants' good faith efforts to comply with laws governing such conduct.

9.      Plaintiff's claims for punitive damages violate the provisions of the Fifth and Fourteenth Amendment of the United States Constitution and the Texas Constitution, Article I §§ 13 and 19.

10.     Defendants have at all times exercised reasonable care to prevent and correct promptly any alleged harassing or discriminatory terms and conditions of employment, and Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities and procedures provided or to otherwise avoid the harm about which she now complains.

11.     Defendants are not liable for acts, if any, by employees that were not authorized by

Defendants, and such employee, if any, had no express or implied authority to engage in acts that were inconsistent with applicable policies prohibiting conduct constituting unlawful discrimination or harassment.

12.    Plaintiff's claims for any alleged damages and other relief are subject to all applicable statutory caps and limitations.

13.    Plaintiff's claims are barred, in whole or part, by the doctrines of waiver, ratification, unclean hands, laches, and/or estoppel.

14.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

15.    Plaintiff failed, in whole or in part, to satisfy the administrative and/or statutory prerequisites to suit.

16.    Defendants plead that Plaintiff's action is frivolous, unreasonable and without foundation and, as such, Defendants are entitled to recover their attorneys' fees.

17.    Defendants plead that Plaintiff's breach of contract claim fails to identify, with specificity, the contractual agreement or terms on which Plaintiff seeks to recover.

18.    Defendants plead that Plaintiff's breach of contract claim is barred because Plaintiff failed to meet all of the conditions precedent to recovery.

19.    Defendants alternatively plead that Plaintiff's breach of contract claim fails as a matter of law because the alleged promises underlying Plaintiff's claims were not sufficiently definite to be valid or enforceable, and/or lack a basis in a legally-protected interest.

20.    Defendants alternatively plead that Plaintiff's breach of contract claim fails as a matter of law because Defendants did not breach, but fully and substantially performed their legal promises, duties, and obligations, if any.

21.    Defendants alternatively plead that Plaintiff's breach of contract claims are barred because the terms of the alleged contracts are so vague and uncertain that such contracts, if any, are void and unenforceable.

22.    Defendants alternatively plead that Plaintiff's claims are barred because the alleged contracts or agreements fail for lack of mutual assent.

23.    Defendants alternatively plead that the parole evidence doctrine limits or prevents evidence that would support any alleged breach of contract claims by the Plaintiff.

24.    Defendants at all times acted in good faith to comply with the FLSA and with reasonable grounds to believe that their actions did not violate the FLSA, and Defendants assert a lack of willfulness or intent to violate the FLSA as a defense to any claim by Plaintiff for liquidated damages pursuant to 29 U.S.C. § 260.

25.    Even assuming, arguendo, that Defendants failed to properly pay Plaintiff as alleged in Plaintiff's Complaint (which Defendants deny), such activities do not constitute compensable work under the FLSA, and furthermore, such activities were not an integral and indispensable part of Plaintiff's principal activities of employment and are not compensable.

26.    Plaintiff's claims are barred, in whole or in part, by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities that were preliminary or postliminary to her principal activities or incidental to them.

27.    Even if the allegations contained in Plaintiff's Complaint are true (which they are not), to the extent that the time for which Plaintiff seeks to assert a claim, or alleges that she has not been compensated, involve only insubstantial or insignificant periods of time, these periods of time are "de minimis" and are not compensable under the FLSA.

28.    Plaintiff is not entitled to an award of prejudgment interest if she prevails on any or

all of the stated claims in the Complaint.

29.    Defendants are entitled to offset any and all damage amounts recovered by Plaintiff by an amount equal to any overpayment of wages or compensation.

30.    Plaintiff's claims are barred to the extent Plaintiff petitioned for bankruptcy under either Chapter 7 or Chapter 13 of the United States bankruptcy code, yet failed to disclose potential claims against Defendants as required under applicable bankruptcy laws.

31.    Plaintiff's claims are barred because the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA.  29 U.S.C. §§ 207, 213(b), 213(b)(1).

32.    To the extent Defendants obtain through discovery or otherwise after-acquired evidence of wrongdoing by Plaintiff, the Complaint and the claims therein are barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits or reduces Plaintiff's alleged damages.

33.    Plaintiff's promissory estoppel claim fails as she did not substantially rely on a definite promise by Defendants to her detriment, nor was any such alleged reliance foreseeable.

*** 

In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to raise any additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

WHEREFORE, PREMISES CONSIDERED, Defendants Stone Hilton PLLC, Christopher Hilton, and Judd Stone respectfully request that Plaintiff's Second Amended Complaint be dismissed with prejudice, that Plaintiff take nothing by this suit, and that Defendants be awarded their costs, attorneys' fees, expenses, and all other legal and equitable relief to which they may be

entitled.

Dated:  October 3, 2025                          Respectfully submitted,


                                                 /s/ Melinda J. Wetzel
                                                 Kimberly R. Miers
                                                 Texas Bar No. 24041482
                                                 kmiers@littler.com
                                                 Melinda J. Wetzel
                                                 Texas Bar No. 24115637
                                                 mwetzel@littler.com
                                                 LITTLER MENDELSON, P.C.
                                                 100 Congress Avenue, Suite 1400
                                                 Austin, Texas 78701
                                                 Telephone:    512.982.7250
                                                 Facsimile:    512.982.7248

                                                 **ATTORNEYS FOR DEFENDANTS**


                         **CERTIFICATE OF SERVICE**

        I hereby certify that on October 3, 2025, a true and correct copy of the foregoing was served on all counsel of record by the Court's ECF system, including:

                              Emily Frost
                           Frost Domel PLLC
                        2499 S. Capital of Texas Hwy.
                              Suite B-203
                           Austin, Texas 78746
                        emily@frostdomel.com

                            Michael E. Lovins
                     1301 S. Capital of Texas Hwy., A-136
                           Austin, Texas 78746
                        michael@lovinslaw.com

                          ***Attorneys for Plaintiff***


                                                 /s/ Melinda J. Wetzel
                                                 Melinda J. Wetzel