UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JORDAN ESKEW, §<br>    Plaintiff §<br>§<br>v. §<br>§<br>STONE HILTON PLLC, §<br>CHRISTOPHER HILTON, AND JUDD §<br>STONE, §<br>    Defendants. § | Case No. 1:25-cv-00804-ADA |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Jordan Eskew files this motion to dismiss Defendants' affirmative defense under Federal Rule of Civil Procedure 12(b)(6) and would respectfully show the Court as follows:

1. Plaintiff has brought an action for unpaid wage compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, *et seq.* Dkt No. 29.

2. In their answer, Defendants allege that "Plaintiff's claims are barred because the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA." Dkt No. 30 at para. 31. But Defendants fail to identify a single FLSA exemption that they contend applies, much less any facts that would support such an alleged exemption.

3. Rule 8(c)(1) of the Federal Rules of Civil Procedure requires a litigant to "affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c)(1). "Generally, a party's failure to raise an affirmative defense in its first responsive pleading results in waiver." *Bayou Fleet, Inc. v. Alexander*, 234 F.3d 852, 860 (5th Cir. 2000).

1

4. An exemption must be asserted as an affirmative defense to a claim under the FLSA. *See Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974). If not, it is waived. *Renfro v. City of Emporia, Kansas*, 948 F.2d 1529, 1539–40 (10th Cir. 1991) (by not affirmatively stating any FLSA exemption, defendant waived affirmative defense); *Tripodi v. Microculture, Inc.,* 397 F. Supp. 2d 1308, 1316–17 (D. Utah 2005) (professional employee defense under FLSA was waived and could not be raised by employer at trial).

5. In this case, Defendants have failed to identify a single FLSA exemption that they contend applies, much less any facts that would support such an alleged exemption. Accordingly, they have waived any such affirmative defense. *Renfro*, 948 F.2d at 1539–40; *Tripodi,* 397 F. Supp. 2d at 1316–17. Plaintiff therefore requests that the Court dismiss this alleged affirmative defense. FED. R. CIV. P. 12(b)(6).

## Request for Relief

For these reasons, Plaintiff requests that the Court dismiss Defendants' alleged affirmative defense that "Plaintiff's claims are barred because the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA." Plaintiff further requests all other just relief.

Respectfully submitted,

FROST DOMEL PLLC
Emily Frost
State Bar No. 24036601
2499 S. Capital of Texas Hwy.
Suite B-203
Austin, Texas 78746
(512) 640-5501
emily@frostdomel.com

LOVINS LAW
Michael E. Lovins
State Bar No. 24032555
1301 S. Capital of Texas Hwy., A-136
Austin, Texas 78746
(512) 535-1649
michael@lovinslaw.com

By: _____
     Emily Frost

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

    I certify that on November 14, 2025, a true and correct copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

Kimberly R. Miers
Texas Bar No. 24041482
kmiers@littler.com
Melinda J. Wetzel
Texas Bar No. 24115637
mwetzel@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: 512.982.7250
Facsimile: 512.982.7248

**ATTORNEYS FOR DEFENDANTS**

_____
Emily Frost

ATTORNEYS FOR PLAINTIFF