IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JORDAN ESKEW, | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **CIVIL ACTION NO. 1:25-cv-00804-** |
| STONE HILTON PLLC, | § | **ADA-SH** |
| CHRISTOPHER HILTON, AND JUDD | § | |
| STONE, | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' AFFIRMATIVE DEFENSE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Plaintiff's Motion to Dismiss should be denied as untimely and without merit. Defendants satisfied their pleading obligations.

## I.
## INTRODUCTION

Plaintiff's Motion is untimely under Federal Rule of Civil Procedure 12 ("Rule 12"). Most recently, Defendants asserted the defense at issue in Plaintiff's Motion (ECF. No. 30) on October 3, 2025, such that Plaintiff's Motion to Dismiss is 21 days late under Rule 12. Defendants respectfully request that Plaintiff's Motion be denied in its entirety.

Should this Court consider the substance of the Motion, it should be denied because it lacks substantive merit. Affirmative defenses need only provide the plaintiff with fair notice of the defense in the context of the complaint and answer. This standard is not an onerous one. As the Fifth Circuit has explained, "FLSA defendants need not plead specific exemptions because plaintiffs are 'put on notice by the very nature of the suit that these exemptions would be relevant to the determination of [defendant's] liability.'" *Taylor v. HD & Associates, L.L.C.*, 45 F.4th 833,

838–39 (5th Cir. 2022) (citing *Crofts v. DoubleBarrel Downhole Techs.*, No. 4:15-CV-00919, 2017 WL 11198916, at *3 (S.D. Tex. Aug. 16, 2017)). To the extent the Court finds that Defendants' exemption defense is insufficiently pleaded, Defendants respectfully request leave to amend their Answer and Affirmative Defenses.

## II.
## PROCEDURAL HISTORY

Plaintiff filed the instant lawsuit on May 7, 2025, alleging violations of the Fair Labor Standards Act ("FLSA") and other claims. ECF. No. 1. Plaintiff amended her complaint on June 16, 2025, and September 19, 2025, to assert additional claims. ECF Nos. 4, 29. Defendants filed their Answer to Plaintiff's First Amended Complaint on August 15, 2025, and their Answer to Plaintiff's Second Amended Complaint on October 3, 2025. ECF Nos. 13, 30. In their Answers to Plaintiff's Complaints, Defendants asserted the following affirmative defense: "Plaintiff's claims are barred because the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA. 29 U.S.C. §§ 207, 213(b), 213(b)(1)." ECF Nos. 13, 30. Plaintiff's motion argues that Defendants waived this exemption defense because they failed to identify a particular FLSA exemption that applies.

## III.
## ARGUMENT

### A.     Plaintiff's Motion is Untimely

Plaintiff's Motion, although creatively stylized as a Rule 12(b)(6) motion to dismiss is, in actuality, a Rule 12(f) motion to strike Defendants' FLSA exemption defense. *See Franks v. Tyhan, Inc.*, CV H-15-191, 2016 WL 1531752, at *2 (S.D. Tex. Apr. 15, 2016) ("[A] motion to strike defenses under Rule 12(f) is more appropriate when a plaintiff disputes the sufficiency of some of a defendant's defenses."); *Desperado Motor Racing & Motorcycles, Inc. v. Robinson*, No.

CIV.A. H-09-1574, 2010 WL 2757523, at *2 (S.D. Tex. July 13, 2010) (Atlas, J.) ("the proper remedy for an insufficient affirmative defense is a motion to strike under Rule 12(f).").

Regardless, Plaintiff was required to file her Rule 12 motion "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 12(f). Thus, if Plaintiff wished to move to strike any of Defendants' affirmative defenses, she was required to do so within 21 days of service of (1) the Answer Defendants filed on August 15, 2025, on or before September 5, 2025, or (2) the Answer Defendants filed on October 3, 2025, on or before October 24, 2025. It is without question that Plaintiff's Motion is untimely and, therefore, should be denied.

B.     **Plaintiff's Argument Lacks Merit**

1.     **Affirmative Defenses Are Not Subject to Rule 12 Pleading Standards.**

Plaintiff's Motion suggests that standards associated with Motions to Dismiss under Rule 12(b)(6) apply with equal force to the pleading of affirmative defenses. She is wrong. Defenses and affirmative defenses are governed by Rules 8(b) and (c), and courts in the Western District of Texas consistently apply the "fair notice" pleading requirement of Rule 8 to affirmative defenses "[b]ecause the Fifth Circuit has continued to apply the 'fair notice' standard even after *Twombly*." *Corder v. Voltaire, LLC*, No. A–13–CA–253–LY, 2013 WL 6415667 at *7 (W.D. Tex. Dec. 6, 2013); *see also NGM Ins. Co. v. Benchmark Util. Contractors, Inc.*, SA-19-CA-221-FB (HJB), 2020 WL 7973920, at *7 (W.D. Tex. Feb. 21, 2020) (applying the "fair notice" standard after examining "considerable debate" around the issue); *Dyson v. Stuart Petroleum Testers, Inc.*, No. 1–15–CV–282 RP, 2015 WL 4935527, at *3 (W.D. Tex. Aug. 18, 2015) (applying the "fair notice" standard after contemplating district court's differing views on the question); *Kennedy v. Ryder Integrated Logistics, Inc.*, SA-13-CA-157-FB (HJB), 2014 WL 12873036, at *3 (W.D. Tex. Sept. 11, 2014) (finding that since "the [Fifth Circuit] relied on the *Woodfield* 'fair notice' standard in *Rogers* . . . this Court remains bound by *Woodfield*. Accordingly, the Court should apply the

3

traditional, 'fair notice' standard in evaluating whether Defendants have sufficiently pled their affirmative defenses."); *Joe Hand Promotions, Inc. v. HRA Zone, L.L.C.*, No. A–13–CA–359 LY, 2013 WL 5707810, at *2 (W.D. Tex. Oct. 18, 2013) ("[I]n *Rogers v. McDorman*, 521 F.3d 381, 385–86 (5th Cir. 2008), decided after *Twombly* but before *Iqbal*, the Fifth Circuit relied on the Woodfield 'fair notice' standard[.]"). Rule 8(b) requires Defendants to state in "short and plain terms its defenses to each claim asserted against it[,]" and Rule 8(c) requires that affirmative defenses need only give the plaintiff "fair notice" of the defense. *See Rogers*, 521 F.3d at 385; *see also Taylor*, 45 F.4th at 838–39 ("Under Rule 8(c), a defendant must affirmatively state an affirmative defense in its response with 'enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced.'") (citing *Woodfield*, 193 F.3d at 362).

Defendants' exemption defense provides, "Plaintiff's claims are barred because the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA." 29 U.S.C. §§ 207, 213(b), 213(b)(1)." ECF No. 30 at 15. Notably, the only possibly controlling cases Plaintiff cites do not arise under the FLSA at all. *See, e.g., Bayou Fleet, Inc. v. Alexander*, 234 F.3d 852, 860 (5th Cir. 2000) (antitrust case, in which a sand pit operator sued competitor for violations of 42 U.S.C. § 1983 and Louisiana Unfair Trade Practices Act); *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974) (lawsuit by DOL against employer for injunctive relief and to recover back pay for alleged violations of the Equal Pay Act). Plaintiff's remaining cases are from the Tenth Circuit and therefore not controlling here, but are procedurally distinguishable regardless because they pertain to defendants who failed to assert an FLSA exemption defense until after the close of discovery and/or during or after Rule 56 motion practice. *See, e.g., Tripodi v. Microculture, Inc.,* 397 F. Supp. 2d 1308, 1316–17 (D. Utah 2005) (holding that defendant waived the professional employee defense by not raising it until summary judgment, where

defendant's responsive pleading stated, "Plaintiff was employed in either a bona fide executive or bona fide administrative capacity," but did not raise "the employee's exempt status under the § 213" as an affirmative defense at the pleading stage); *Renfro v. City of Emporia, Kansas*, 948 F.2d 1529, 1539 (10th Cir. 1991) (holding that "the [defendant's] failure to affirmatively plead an FLSA exemption defense prior to the grant of summary judgment in favor of [plaintiffs] was an effective waiver"). Moreover, none of the cases Plaintiff cited hold that an FLSA defendant must identify the specific exemption under § 213 in order to preserve the affirmative defense.

As the Fifth Circuit has explained, "FLSA defendants need not plead specific exemptions because plaintiffs are 'put on notice by the very nature of the suit that these exemptions would be relevant to the determination of [defendant's] liability.'" *Taylor*, 45 F.4th at 838–39 (5th Cir. 2022) (citing *Crofts*, 2017 WL 11198916, at *3) (rejecting plaintiff's argument that defendant waived the affirmative defense that the FLSA's bona fide commission exemption applied by not specifically pleading the applicable exemption in its responsive pleading); *see also Benson v. United InvestexUSA 10, LLC*, No. 3:19-CV-01161-E, 2021 WL 1056447, at *8 (N.D. Tex. Mar. 18, 2021) (rejecting plaintiff's argument that defendants waived their outside sales employee exemption defense by failing to sufficiently plead it, where defendants pleaded that "[t]he claims in the Complaint are barred to the extent that [plaintiff] falls under one or more of the FLSA's exemptions, exclusions, exceptions, or credits from overtime obligations, including, but not limited to, those set forth in Section 7 and/or Section 13 of the FLSA" because "defendants' pleading was sufficient to give [plaintiff] fair notice that defendants were asserting the outside sales exemption affirmative defense" and plaintiff did claim he had suffered prejudice.").

Accordingly, this Court should reject Plaintiffs' attempt to apply a heightened pleading standard here. Defendants are only required to "state in plain and simple terms" their defenses to

Plaintiff's claims so as to give Plaintiff fair notice of the issues Defendants may raise at trial. Defendants have done just that –Defendants' FLSA exemption defense provides Plaintiff with sufficient notice of the nature of the defense and avoids unfair surprise. Plaintiff's arguments are without merit and should be denied.

> ### 2.     If the Court Determines that Defendants' Exemption Defense Is Insufficiently Pleaded, Defendants Should Be Granted Leave to Amend.

Even if this Court determines that Defendants failed to sufficiently plead their FLSA exemption defense, waiver is not the appropriate result considering the procedural posture of this case.  Instead, Defendants should be afforded leave to amend any defenses considered insufficient under the Federal Rules. *Tran v. Thai*, No. CIV.A. H-08-3650, 2010 WL 723633, at *2 (S.D. Tex. Mar. 1, 2010) ("These affirmative defenses are dismissed, without prejudice, with leave to replead no later than [a date certain.]"). Further, while Rule 8(c) requires that an affirmative defense be set forth in a defendant's responsive pleading, the Fifth Circuit has consistently held that noncompliance with Rule 8(c) can be excused if the defendant raises the issue at a "pragmatically sufficient" time and the "plaintiff is not prejudiced in its ability to respond." *Giles v. GE*, 245 F.3d 474, 491-492 (5th Cir. 2001); *See Vanhoy v. United States*, 514 F.3d 447, 450-51 (5th Cir. 2008) (holding affirmative defense not waived where it was raised for the first time in pretrial motions three months before trial); *Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000) (rejecting waiver argument where issue was raised for first time at summary judgment because plaintiff availed itself of a fourteen-month "ample period" to file three responsive memoranda to the summary-judgment motion and was not prejudiced in its ability to respond to the issue); *accord Jones v. Miles*, 656 F.2d 103, 107 n.7 (5th Cir. 1981) ("Neglect to affirmatively plead the defense is simply noncompliance with a technicality and does not constitute a waiver where there is no claim of surprise").

Here, the parties are in the early stages of discovery, and Plaintiff cannot reasonably contend she has been unduly prejudiced or unfairly surprised by Defendants' failure to include the exact exemption, as she has ample opportunity to conduct discovery. Accordingly, should this Court determine that Defendants' FLSA exemption defense targeted by Plaintiff's Motion has not been sufficiently pled, Defendants respectfully request leave to amend their Answer and Defenses.

## IV.
## CONCLUSION

For these reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion. In the alternative, Defendants request that they be given the opportunity to amend their Answer following the entry of an order.

Dated:  November 21, 2025                    Respectfully submitted,


                                             /s/ Melinda J. Wetzel
                                             Kimberly R. Miers
                                             Texas Bar No. 24041482
                                             kmiers@littler.com
                                             Melinda J. Wetzel
                                             Texas Bar No. 24115637
                                             mwetzel@littler.com
                                             LITTLER MENDELSON, P.C.
                                             100 Congress Avenue, Suite 1400
                                             Austin, Texas 78701
                                             Telephone:      512.982.7250
                                             Facsimile:      512.982.7248

                                             **ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 21, 2025, a true and correct copy of the foregoing was served on all counsel of record by the Court's ECF system, including:

Emily Frost
Frost Domel PLLC
2499 S. Capital of Texas Hwy.
Suite B-203
Austin, Texas 78746
emily@frostdomel.com

Michael E. Lovins
Lovins Law
1301 S. Capital of Texas Hwy., A-136
Austin, Texas 78746
michael@lovinslaw.com

***Attorneys for Plaintiff***

/s/ Melinda J. Wetzel
Kimberly R. Miers
Melinda J. Wetzel