UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JORDAN ESKEW,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 1:25-CV-00804-ADA |
| | § | |
| STONE HILTON PLLC,<br>CHRISTOPHER HILTON,<br>and JUDD STONE,<br>    Defendants. | §<br>§<br>§<br>§<br>§ | |

**MOTION TO QUASH THIRD-PARTY SUBPOENA
DIRECTED TO THE OFFICE OF SENATOR TED CRUZ**

**TABLE OF CONTENTS**

Table of Contents ............................................................................................................. i

Table of Authorities ........................................................................................................ ii

Background ..................................................................................................................... 1

Legal Standard ................................................................................................................ 2

Argument ......................................................................................................................... 2

    I.    Sovereign Immunity Precludes Enforcement of the Subpoena ......................... 2

    II.   The Subpoena Is Overly Broad and Unduly Burdensome ................................ 4

        A.   The Document Requests Are Overly Broad and Unduly Burdensome ......... 4

        B.   The Written Deposition Questions Are Overly Broad and Unduly Burdensome ........... 7

    III.  The Subpoena Seeks Confidential and Sensitive Employment Records ....................... 9

Conclusion ..................................................................................................................... 10

Certificate of Conference .............................................................................................. 11

## TABLE OF AUTHORITIES

Cases

*Acuna v. Covenant Transp., Inc.*,
  No. SA-20-CV-01102-XR, 2021 WL 411146 (W.D. Tex. Feb. 5, 2021) ................................ 10

*Alltel Commc'ns, LLC v. DeJordy*,
  675 F.3d 1100 (8th Cir. 2012) ........................................................................................ 3

*Andrews v. Adams*,
  No. 23-50841, 2024 WL 4298150 (5th Cir. Sept. 26, 2024) ......................................... 3

*Bardoff v. United States*,
  628 A.2d 86 (D.C. 1993) ................................................................................................ 9

*Bogan v. City of Boston*,
  489 F.3d 417 (1st Cir. 2007) .......................................................................................... 9

*Cheney v. U.S. Dist. Ct. for D.C.*,
  542 U.S. 367 (2004) ....................................................................................................... 7

*COMSAT Corp. v. Nat'l Sci. Found.*,
  190 F.3d 269 (4th Cir. 1999) ......................................................................................... 3

*Eastland v. U.S. Servicemen's Fund*,
  421 U.S. 491 (1975) ....................................................................................................... 7

*Edwards v. Scripps Media, Inc.*,
  331 F.R.D. 116 (E.D. Mich. 2019) ................................................................................ 7

*Hansen v. Alamo Mobile X-Ray & EKG Servs., Inc.*,
  No. SA-14-CA-01070-FB, 2015 WL 12866215 (W.D. Tex. Oct. 7, 2015) ............................. 10

*In re FDIC*,
  58 F.3d 1055 (5th Cir. 1995) ......................................................................................... 9

*In re Interventional Pain Assocs., P.A.*,
  510 F. Supp. 3d 448 (W.D. Tex. 2021) ......................................................................... 5

*In re Office of Inspector Gen.*,
  933 F.2d 276 (5th Cir. 1991) (per curiam) .................................................................... 9

*In re United States (Bernanke)*,
  542 F. App'x 944 (Fed. Cir. 2013) ................................................................................ 9

*MINPECO, S.A. v. Conticommodity Servs., Inc.*,
  844 F.2d 856 (D.C. Cir. 1988) ....................................................................................... 7

*Orchestrate HR, Inc. v. Trombetta*,
  No. 3:13-CV-2110-P, 2014 WL 772859 (N.D. Tex. Feb. 27, 2014) ......................................... 6

*Pena v. Canelson Drilling (US), Inc.*,
  No. MO-15-CV-00053-HLH-DC, 2015 WL 12734090 (W.D. Tex. Sept. 8, 2015) ................. 6

*Positive Black Talk Inc. v. Cash Money Recs., Inc.*,
  394 F.3d 357 (5th Cir. 2004) .................................................................................................. 5

*Reed Elsevier, Inc. v. Muchnick*,
  559 U.S. 154 (2010) ................................................................................................................ 5

*Reynolds v. Cactus Drilling Co. LLC*,
  No. MO-15-CV-00101-DAE-DC, 2015 WL 12660109 (W.D. Tex. Oct. 22, 2015) ................ 10

*Reynolds v. York*,
  No. 3-04-MC-045-P, 2004 WL 1490040 (N.D. Tex. 2004) ..................................................... 10

*Rice v. Reliastar Life Ins. Co.*,
  No. CIV.A. 11-44-BAJ-CN, 2011 WL 5513181 (M.D. La. Nov. 10, 2011) ............................. 6

*Rockefeller v. Bingaman*,
  234 F. App'x 852 (10th Cir. 2007) ......................................................................................... 3

*Russell v. Jones*,
  49 F.4th 507 (5th Cir. 2022) ............................................................................................... 2, 3

*Springfield Terminal Ry. Co. v. United Transp. Union*,
  Misc. No. 89-0073, 1989 WL 225031 (D.D.C. 1989) ............................................................. 9

*State of La. v. Sparks*,
  978 F.2d 226 (5th Cir. 1992) .................................................................................................. 2

*U.S. ex rel. Barko v. Halliburton Co.*,
  241 F. Supp. 3d 37 (D.D.C. 2017) .......................................................................................... 8

*United States v. Fears*,
  789 F. Supp. 2d 166 (D.D.C. 2011) ........................................................................................ 3

*United States v. Fears*,
  No. 11-MC-174 RLW, 2011 WL 7054090 (D.D.C. Nov. 1, 2011) .......................................... 3

*United States v. Mitchell*,
  445 U.S. 535 (1980) ................................................................................................................ 2

*Washington Legal Found. v. U.S. Sent'g Comm'n*,
  17 F.3d 1446 (D.C. Cir. 1994) ................................................................................................ 3

*Wiwa v. Royal Dutch Petroleum Co.*,
  392 F.3d 812 (5th Cir. 2004) .................................................................................................. 4

*Zamora v. GC Servs., LP*,
  No. EP-15-CV-48-DCG, 2017 WL 1861843 (W.D. Tex. Feb. 17, 2017) ................................ 6

<u>Statutes</u>

29 U.S.C. §§ 201 *et seq.* ................................................................................................................ 1

42 U.S.C. § 1981 ............................................................................................................................. 1

5 U.S.C. § 701 ................................................................................................................................. 3

5 U.S.C. § 702 ................................................................................................................................. 3

Rules

Fed. R. Civ. P. 26 ................................................................................................................... 5
Fed. R. Civ. P. 45 ................................................................................................................... 2

Treatises

Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2463 ..................................... 2

The Office of Senator Ted Cruz, a non-party to this action appearing through the United States Attorney's Office for the Western District of Texas, respectfully moves this Court for an order quashing the subpoena issued to the Senator's office by plaintiff Jordan Eskew. Senator Cruz also requests that the Court prohibit any further discovery of the Senator or his staff, as sovereign immunity precludes judicial enforcement of subpoenas issued to the Senate, its Members, or their staff in cases in which they are not a party. Regardless of whether the Senator's office is shielded from discovery going forward, the subpoena already issued by plaintiff should be quashed because it is unduly burdensome and the production of confidential and sensitive employment records of a former Senate employee would intrude on that employee's privacy rights.

## BACKGROUND

This matter appears to be an employment dispute in which plaintiff alleges violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Texas Labor Code, and state common law. *See* Dkt. 29. These allegations relate to plaintiff's employment as an executive assistant at defendant Stone Hilton PLLC from May 2023 to September 2023, during which time she reported to defendants Christopher Hilton and Judd Stone. *See id.* at ¶¶ 12, 15. Defendants deny liability and have asserted several affirmative defenses. *See* Dkt. 30.

On November 13, 2025, plaintiff served a third-party subpoena on the custodian of records for the Office of Senator Ted Cruz. *See* Ex. A. The subpoena seeks answers to written deposition questions and the production of documents relating to defendant Stone's employment with the Senator's office in 2018 and 2019. Plaintiff's counsel agreed to extend the response date and the deadline to serve written objections to the subpoena. *See* Ex. B. The Office of Senate Legal Counsel timely objected to the subpoena on behalf of the Senator on grounds of undue burden, lack of relevance, privacy, and sovereign immunity. *See* Ex. C.

On December 4, 2025, defendant Stone filed a motion to quash the third-party subpoena issued to Senator Cruz's office. *See* Dkt. 43. Defendant Stone argues the subpoena improperly requires disclosure of sensitive employment records and information, records that have already been produced or are otherwise available in party discovery, and material that is not relevant to plaintiff's claims. *Id.* at 1. If the Court declines to quash the subpoena, defendant Stone requests a protective order in the alternative. *Id.* Plaintiff opposes defendant's motion. *See* Dkt. 54.

## LEGAL STANDARD

The Court must quash or modify a third-party subpoena that "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv). Where the recipient of a subpoena duces tecum timely serves written objections, no response is required unless and until the Court orders production. *See* Fed. R. Civ. P. 45(d)(2)(B); Charles A. Wright & Arthur R. Miller, FED. PRAC. & PROC. CIV. § 2463 (Sept. 2025 update) ("If a person subject to a subpoena to produce materials or permit inspection does object pursuant to Rule 45(d)(2)(B), then he or she need not comply with the subpoena.").

## ARGUMENT

I.  **Sovereign Immunity Precludes Enforcement of the Subpoena**

Plaintiff's subpoena must be quashed because sovereign immunity insulates Senator Cruz and his staff from judicial enforcement of a subpoena in a case in which they are not parties. "It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quotation omitted). Thus, "a court, state or federal, lacks jurisdiction to enforce a subpoena against an unwilling sovereign." *State of La. v. Sparks*, 978 F.2d 226, 235 (5th Cir. 1992); *see also Russell v. Jones*, 49 F.4th 507, 517 (5th Cir. 2022) ("[W]here a sovereign is otherwise entitled to immunity, that immunity extends to third-

party subpoenas."); *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 277 (4th Cir. 1999) ("[S]ubpoena proceedings fall within the protection of sovereign immunity."). The United States' immunity extends to federal agencies and officers acting in their official capacity, including the Senate, its Members, and their staff. *See Andrews v. Adams*, No. 23-50841, 2024 WL 4298150, at *2 (5th Cir. Sept. 26, 2024); *Rockefeller v. Bingaman*, 234 F. App'x 852, 855 (10th Cir. 2007).

The limited waiver of immunity in the Administrative Procedure Act ("APA"), which arguably authorizes judicial enforcement of a Rule 45 subpoena issued to an Executive branch agency,[1] does not provide a basis to enforce plaintiff's subpoena. The APA permits judicial review when a person is aggrieved by "agency action" within the meaning of the statute. 5 U.S.C. § 702. But Congress is not an "agency" under the APA. *Id.* § 701(b)(1)(A); *see also Washington Legal Found. v. U.S. Sent'g Comm'n*, 17 F.3d 1446, 1449 (D.C. Cir. 1994) ("[W]e have interpreted the APA exemption for 'the Congress' to mean the entire legislative branch."). Accordingly, the APA does not waive sovereign immunity in this case. *See United States v. Fears*, 789 F. Supp. 2d 166, 169 (D.D.C. 2011) (quashing third-party subpoena and explaining that "Congress has exempted the [Architect of the Capitol] (as an agency of Congress) from 5 U.S.C. § 702 and thus has not waived its sovereign immunity even in federal court"), *opinion vacated as moot*, No. 11-MC-174 RLW, 2011 WL 7054090 (D.D.C. Nov. 1, 2011); *cf. Alltel Commc'ns, LLC v. DeJordy*, 675 F.3d 1100, 1104 (8th Cir. 2012) (noting that Indian tribe's immunity from third-party subpoenas "is not subject to the [APA] or to any comparable legislation").

The Senator and his staff are immune from third-party subpoena enforcement proceedings. Accordingly, the Court should quash plaintiff's subpoena to Senator Cruz's office. Moreover,

---

[1] The extent of the APA's waiver of sovereign immunity is unclear even in the context of Rule 45 subpoenas to the Executive branch. *See Russell*, 49 F.4th at 517 & n.11.

because the Senator and his staff cannot be compelled to respond to any other subpoenas that may be issued by the parties, the Court should enter a protective order prohibiting further attempts at third-party discovery directed to them.

## II. The Subpoena Is Overly Broad and Unduly Burdensome

Even were plaintiff able to overcome the Senator's invocation of sovereign immunity—and she cannot—the Court would be obliged to quash the subpoena because it is overly broad and unduly burdensome. To determine whether a subpoena is unduly burdensome, the Fifth Circuit has directed courts to consider "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Where the movant is not a party, the Court "may also consider the expense and inconvenience to the non-party." *Id.* Finally, "[a] court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Id.*

### A. The Document Requests Are Overly Broad and Unduly Burdensome

Each of the factors identified by the Fifth Circuit in *Wiwa* weighs in favor of an order quashing plaintiff's subpoena for documents.

**1. The documents and information requested are not relevant, particularly when considered in proportion to the needs of the case.** Plaintiff's claims arise from her employment with defendant Stone Hilton PLLC in 2023. The subpoena, on the other hand, seeks documents and communications relating to defendant Stone's previous employment with the Senator's office in 2018 and 2019. This previous employment has no bearing on the parties' claims or defenses in this action. Other broad requests for "all communications" with the defendants and "all documents

and communications related to any agreement" between the Senator's office and any defendant are likewise not confined to the specific claims or defenses asserted by the parties.

The fact that defendant Stone's employment with the Senator's office is mentioned in passing in plaintiff's operative complaint (*see* Dkt. 29, at ¶ 44) does not make that employment "relevant" for purposes of Rule 45. Discovery is limited to relevant information that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see In re Interventional Pain Assocs., P.A.*, 510 F. Supp. 3d 448, 450 (W.D. Tex. 2021) ("Rule 26's relevance and proportionality requirements apply equally in the context of Rule 45 motions so as to avoid imposing any undue burden or expense on the person or entity subject to the subpoena.") (cleaned up). The cases cited by plaintiff in response to defendant Stone's motion to quash, which concern the admissibility of evidence at trial rather than the proportional relevance of such evidence in third-party discovery, are not to the contrary. *See* Dkt. 54, at ¶ 7 n.1.

**2. Plaintiff has not shown a particularized need for the documents or information.** Most of what plaintiff requests, including information relating to defendant Stone's employment and communications between the Senator's office and the defendants, is available from the other parties to the litigation. *See Positive Black Talk Inc. v. Cash Money Recs., Inc.*, 394 F.3d 357, 377 (5th Cir. 2004) (directing courts to "consider whether the information is … unavailable from any other source"), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010). Indeed, defendant Stone avers that "[m]uch of the information sought is already in [his] possession" and that plaintiff "has already obtained, or could still obtain," the requested documents and information from him. *See* Dkt. 43, at 8–9. Seeking information from a non-party that is available from a party causes undue burden. *See, e.g., Orchestrate HR, Inc. v. Trombetta*, No. 3:13-

CV-2110-P, 2014 WL 772859, at *6 (N.D. Tex. Feb. 27, 2014) (quashing a third-party subpoena in part because "the documents sought … should be available from Defendants").[2]

**3. The subpoena is facially overbroad.** It demands the production of "all documents and communications" relating to defendant Stone's previous employment with the Senator's office (Request Nos. 2, 3, 4, and 8), "any documents and communications" relating to "any agreement" with defendants (Request No. 5), and "all communications" with the defendants and witnesses (Request Nos. 6 and 7). Such requests for "'any and all documents' relating to a particular subject [are] overbroad and amount[] to little more than a fishing expedition." *See Rice v. Reliastar Life Ins. Co.*, No. CIV.A. 11-44-BAJ-CN, 2011 WL 5513181, at *2 (M.D. La. Nov. 10, 2011). Courts have also found requests for "entire personnel files," as in Request No. 1, to be "overly broad on their face." *See Zamora v. GC Servs., LP*, No. EP-15-CV-48-DCG, 2017 WL 1861843, at *5 (W.D. Tex. Feb. 17, 2017); *see also Pena v. Canelson Drilling (US), Inc.*, No. MO-15-CV-00053-HLH-DC, 2015 WL 12734090, at *2 (W.D. Tex. Sept. 8, 2015) (granting protection from deposition by written questions seeking information about "all documents contained within Plaintiff's personnel file from his past employer").

**4. Most of the requests have no temporal limitation.** Request No. 6 asks for communications "from May 2023 to the present," but the other requests simply ask for "all documents and communications" pertaining to certain topics. Even if plaintiff was willing to limit her requests to a specific time period, defendant Stone was employed by the Senator's office in 2018 and 2019. Identifying responsive documents relating to his employment would require the Senator's staff to search for seven- or eight-year-old records that may not be easy to locate.

---

[2] Plaintiff complains that defendant Stone refused to provide information in response to certain party discovery. *See* Dkt. 54, at ¶ 9. If that is the case, she should seek relief from the Court rather than attempt to drag a United States Senator into an otherwise routine discovery dispute.

**5. The documents and information requested have not been identified with reasonable particularity.** The "specificity of the subpoena requests serves as an important safeguard against unnecessary intrusion into the operation" of senior members of the United States Government. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 387 (2004). Here, plaintiff broadly requests "any and all" documents and communications relating to several aspects of defendant Stone's past employment. These requests do not "precisely identif[y] and specifically enumerate[] the relevant materials," but rather "ask for everything under the sky." *Id.* (cleaned up); *see also Edwards v. Scripps Media, Inc.*, 331 F.R.D. 116, 124 (E.D. Mich. 2019) (requests for "any and all" documents and communications fail the "reasonable particularity requirement").

**6. The Senator's office will face significant burden and inconvenience in responding to the subpoena.** Senate offices are focused on serving constituents and crafting legislation to further the Senator's policy objectives. They lack the personnel or other resources necessary to respond to broad discovery requests such as those posed by plaintiff in this case. Discovery "create[s] a distraction and force[s] [Senators] to divert their time, energy, and attention from their legislative tasks." *MINPECO, S.A. v. Conticommodity Servs., Inc.*, 844 F.2d 856, 859 (D.C. Cir. 1988) (quoting *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 503 (1975)). Responding to the third-party discovery posed by plaintiff therefore would burden not only the Senator and his staff, but also the 31 million Texans they serve.

### B. The Written Deposition Questions Are Overly Broad and Unduly Burdensome

The Senator's undue burden arguments apply with even greater force to plaintiff's written deposition questions. These questions largely cover the same irrelevant subject matter as the overly broad document requests. Indeed, several simply reiterate the document requests in a different format. *Compare* Question 4 ("[W]ill you please attach a copy of Stone's employee/personnel file?"), *with* Request No. 1 ("Judd Stone personnel file."). At a minimum, these deposition

questions are objectionable for the same reasons as the document requests. *See* Ex. C, at 4 ("For the same reasons set forth above, we also object to the written deposition questions set forth in the subpoena."). But several other questions pose additional problems.

For example, Question 6 is a 20-part question regarding any "concern (formal or informal, by any method) about Judd Stone." Questions 18 and 19 are multipart questions regarding any "inappropriate comments" or other "inappropriate behavior" by defendant Stone during his employment with the Senator's office. Question 21 is a 9-part question asking the Senator's office to identify "each false statement made to [it] by Judd Stone." Questions 14 and 15 direct the Senator's office to review each paragraph of plaintiff's First Amended Complaint and defendants' corresponding Answer, and then specifically identify which allegations or denials are true or false based on the office's personal knowledge. Questions 16 and 17 direct the Senator's office to review an email and then identify whether any statements in the email are false.[3]

These substantive questions, which go well beyond asking a "custodian of records" to produce and authenticate documents, impermissibly require the Senator's office to conduct an independent investigation to marshal evidence for plaintiff. *See U.S. ex rel. Barko v. Halliburton Co.*, 241 F. Supp. 3d 37, 77 (D.D.C. 2017) (finding an interrogatory with no "limitations on the information sought" that required defendant to "investigate and describe [plaintiff's] case for him" to be overbroad). Responding to the questions would require the collective efforts of the entire office, including the Senator and his senior aides. Indeed, only Senator Cruz himself could decide whether his office would "ever hire Judd Stone again" (Question 20).

---

[3] The Court struck the First Amended Complaint and email from the docket, leaving open the possibility that plaintiff could seek related discovery *from defendants*. *See* Dkt. 28; Dkt. 54-1, at 8:8-11 ("[D]efendant would be hard pressed … to say we're not going to respond to that discovery just because I took it out of the complaint."). The Court likely did not anticipate *non-parties* would be asked to opine on the veracity of each and every allegation in the excised material.

By asking substantive questions of the Senator and his staff, the subpoena effectively seeks to compel testimony from a high-ranking government official without a showing of exceptional circumstances justifying such an intrusion on the Senator's duties. *See In re Office of Inspector Gen.*, 933 F.2d 276, 278 (5th Cir. 1991) (per curiam) ("[E]xceptional circumstances must exist before the involuntary depositions of high agency officials are permitted."); *see also* Dkt. 38 (motion to quash deposition subpoenas issued to high-ranking officials within the Office of the Attorney General of Texas).[4] Neither the Senator nor his staff have relevant, firsthand knowledge regarding plaintiff's claims. *See In re United States (Bernanke)*, 542 F. App'x 944, 948 (Fed. Cir. 2013) ("[T]he government official must have personal involvement or first-hand knowledge of the underlying dispute."). And as already noted, most of the documents and information requested are available from the other parties to the litigation. *See Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) (depositions of high ranking officials "permitted only where it is shown that other persons cannot provide the necessary information"); *In re FDIC*, 58 F.3d 1055, 1062 (5th Cir. 1995) ("We think it will be the rarest of cases … in which exceptional circumstances can be shown where the testimony is available from an alternate witness.").

### III. The Subpoena Seeks Confidential and Sensitive Employment Records

Plaintiff's subpoena should be quashed for the additional reason that it seeks confidential and sensitive employment records of former Senate employees. A party "does not have an unlimited ability to delve into the personnel and payment records of [another party's] past

---

[4] Members of Congress and their senior staff are undoubtedly "high-ranking governmental officials." *See, e.g.*, *Springfield Terminal Ry. Co. v. United Transp. Union*, Misc. No. 89-0073, 1989 WL 225031, at *2 (D.D.C. 1989) (refusing to compel Congressman to submit to deposition because discovery would "disrupt [his] work as the ranking Minority Member of the House Appropriations Committee"); *Bardoff v. United States*, 628 A.2d 86, 90 (D.C. 1993) (affirming trial court order quashing subpoenas to Senators for lack of extraordinary circumstances).

employers." *See Reynolds v. Cactus Drilling Co. LLC*, No. MO-15-CV-00101-DAE-DC, 2015 WL 12660109, at *2 (W.D. Tex. Oct. 22, 2015) (recognizing "the privacy concerns regarding disclosure of documents contained within employment personnel files given the sensitive nature of the information"); *see also Hansen v. Alamo Mobile X-Ray & EKG Servs., Inc.*, No. SA-14-CA-01070-FB, 2015 WL 12866215, at *3 (W.D. Tex. Oct. 7, 2015) ("[E]fforts to use third-party subpoenas to obtain a personnel file and other documents in the hope of impeaching the [opposing party's] credibility 'amounts to nothing more than a fishing expedition.'") (quoting *Reynolds v. York*, No. 3-04-MC-045-P, 2004 WL 1490040, at *1 (N.D. Tex. 2004)). Here, defendant Stone has made a good-faith privacy objection to the production of such records, *see* Dkt. 43, at 6–7, which the Court should honor.

These privacy concerns are heightened given the, at most, tangential relevance of the information sought. As noted above, it is unclear how defendant's Senate employment records from 2018 and 2019 are relevant to plaintiff's claims, which are based exclusively on her employment with defendants in 2023. The Senator's office should not be required to turn over "the entirety of [defendant Stone's] employment records" where plaintiff has not—and cannot—show that doing so is "proportional to the needs of the case." *See Acuna v. Covenant Transp., Inc.*, No. SA-20-CV-01102-XR, 2021 WL 411146, at *2 (W.D. Tex. Feb. 5, 2021).

## CONCLUSION

WHEREFORE, the Office of Senator Ted Cruz respectfully requests that the Court quash the subpoena issued to it by the plaintiff and prohibit any further third-party discovery of the Senator or his staff in this litigation.

Dated: December 30, 2025

Respectfully submitted,

JUSTIN R. SIMMONS
United States Attorney

*/s/ Thomas A. Parnham Jr.*
THOMAS A. PARNHAM JR.
Assistant United States Attorney
Texas State Bar No. 24146529
903 San Jacinto Blvd, Suite 334
Austin, Texas 78701
(512) 916-5858 (phone)
(512) 916-5854 (fax)
thomas.parnham@usdoj.gov

***Counsel for the Office of Senator Ted Cruz***

## CERTIFICATE OF CONFERENCE

On December 22, 2025, undersigned counsel conferred with plaintiff's counsel to request that she withdraw the improper subpoena. Plaintiff's counsel declined to do so and is opposed to the relief requested in this motion. *See* Local Court Rule CV-7(g).

*/s/ Thomas A. Parnham Jr.*
THOMAS A. PARNHAM JR.
Assistant United States Attorney