IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JORDAN ESKEW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:25-cv-00804-ADA |
| | § | |
| STONE HILTON PLLC, | § | |
| CHRISTOPHER HILTON, AND JUDD STONE, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Stone Hilton PLLC, Christopher Hilton, and Judd Stone ("Defendants") respectfully move under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings as to Plaintiff's claim for race-based hostile work environment under 42 U.S.C. § 1981, as set forth in Plaintiff's Second Amended Complaint ("SAC"). The SAC fails to state a plausible claim for relief, and Defendants respectfully show the Court as follows:

## I. INTRODUCTION

Plaintiff's Section 1981 race-based harassment claim rests on a single alleged comment – Defendant Stone's statement that Plaintiff's turquoise earrings were "white trash" – and the allegation that Defendant Hilton did not intervene. Even assuming the truth of that allegation, a solitary, non-threatening remark of this kind does not rise to the level of "severe or pervasive" harassment required to state a hostile work environment claim. Nor does it plausibly allege conduct sufficiently extreme to alter the terms or conditions of Plaintiff's employment.

Plaintiff offers no additional factual allegations of racial hostility, no pattern of comparable conduct, and no allegation that this isolated remark interfered with her work performance. Under well-established Fifth Circuit precedent, Plaintiff's claim fails as a matter of law. As discussed

further below, the Court should dismiss Plaintiff's hostile work environment claim and grant judgment on the pleadings in Defendants' favor with respect to this claim.

## II. RELEVANT BACKGROUND

Plaintiff worked for Defendant Stone Hilton as its Office Manager for approximately four months, from June through September 2023. *See* ECF No. 29-2 (listing Plaintiff's "Position" as "Office Manager"). On or about March 28, 2024, Plaintiff and her counsel filed a Charge of Discrimination with the Texas Workforce Commission ("TWC") alleging sexual harassment. *See* ECF No, 29, ¶ 46 ("Plaintiff filed a sexual harassment charge at the [TWC] against Defendants."); ECF No. 29-5 at 2 ("Jordan Eskew, the Charging Party, filed a complaint with the [TWC] on or about March 28, 2024."). Plaintiff's Charge does not include any allegation of race discrimination.

Plaintiff initiated this action on May 27, 2025, asserting unpaid wages and overtime, intentional infliction of emotional distress, breach of contract, promissory estoppel, and quantum meruit. ECF No. 1. Again, Plaintiff made no allegation of race discrimination. On June 16, 2025, Plaintiff filed her First Amended Complaint, adding a claim for sexual harassment under the Texas Labor Code. ECF No. 4. Yet again, Plaintiff made no allegation of race discrimination.

On August 6, 2025, Plaintiff's counsel conferred with defense counsel regarding Plaintiff's motion for leave to amend her complaint to add a race-based hostile work environment claim, and the undersigned communicated Defendants' opposition to such an amendment. *See* Ex. A. On September 19, 2025, Plaintiff filed her Second Amended Complaint alleging, for the first time, that Defendants subjected her to a hostile work environment based on race in violation of 42 U.S.C. § 1981. ECF No. 29, ¶¶ 95-109.

### III. ARGUMENTS AND AUTHORITIES

**A.     Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is subject to the same legal standard as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. The Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir. 2001) (internal quotations omitted). To survive a motion for judgment on the pleadings, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal punctuation & citation omitted). A Rule 12(c) motion should be granted when the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations in the complaint. *Dyal v. Union Bag-Camp Paper Corp.,* 263 F.2d 387, 391 (5th Cir. 1959). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

**B.     Plaintiff Fails to State a Section 1981 Race-Based Hostile Work Environment Claim.**

Plaintiff's entire race-based hostile work environment claim hinges on a single comment about earrings. With nothing more, Defendant Stone's alleged remark does not rise to the level of "severe or pervasive" and does not approach the level of extreme conduct that would prevent Plaintiff from succeeding in the workplace.

Claims under Section 1981 are analyzed under the same framework as hostile work environment claims under Title VII. *See, e.g., Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) ("The analysis of discrimination claims under § 1981 is identical to the analysis of Title VII claims."); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex.

2001) ("[A]nalogous federal statutes and the cases interpreting them guide our reading of [Chapter 21]."). "A prima facie case of racial harassment alleging hostile work environment normally consists of five elements: (1) the employee belongs to a protected group; (2) the employee was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term[,] condition or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353 (5th Cir. 2001).

Plaintiff's SAC identifies only one allegedly race-based incident: a single comment made on or about July 17, 2023, referring to her turquoise earrings as "white trash." ECF No. 29, ¶¶ 26, 97-107. Plaintiff does *not* allege that the comment was repeated, that similar statements were made on other occasions, or that she experienced any other race-based conduct during her employment with Defendants.

As the Fifth Circuit has repeatedly held, isolated comments – even those more overtly racial than the one alleged here – are insufficient to satisfy the "severe or pervasive" standard. *See, e.g., Jackson v. Honeywell Int'l, Inc.*, 601 F. App'x 280, 287 (5th Cir. 2015) (concluding at the summary judgment stage that the plaintiff's claims that his supervisor used a racial slur twice, said he would not hire from a university he deemed a "black school" that did not produce engineers with the skills the company needed, and "said dealing with African-Americans is 'difficult' because they 'rip you off'" amounted to offensive comments but were "not severe or pervasive enough to have created a hostile work environment"); *Hernandez v. Yellow Transp. Inc.*, 670 F.3d 644, 652 (5th Cir. 2012) (holding that a plaintiff being called a racially derogatory term and seeing a poster or letter that was derogatory about Hispanics was not sufficient to support a hostile work environment claim); *Price v. Valvoline, L.L.C.*, 88 F4th 1062, 1067 (5th Cir. 2023) (finding that two incidents

4

where a black plaintiff was called a "lazy boy" and was told that "you people always want something for free," although historically used in demeaning ways towards black men, were insufficiently severe to establish a hostile work environment). In fact, the Fifth Circuit has affirmed the dismissal of a race-based hostile work environment claim where plaintiff's supervisor made three derogatory comments to him, including one instance in which the supervisor shouted at plaintiff that he was "f----- lazy white trash" because "[s]uch isolated incidents do not support a hostile work environment claim." *Keel v. Wal-Mart Stores, Inc.*, No. 1:11-CV-248, 2012 WL 3263575, at *15 (E.D. Tex. July 17, 2012), *report and recommendation adopted*, No. 1:11-CV-248, 2012 WL 3262882 (E.D. Tex. Aug. 9, 2012), *aff'd*, 544 F. App'x 468 (5th Cir. 2013).[1]

Plaintiff alleges no facts suggesting the comment interfered with her work performance, involved physical intimidation, or otherwise altered the conditions of her employment. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 264 (5th Cir. 1999) ("Discourtesy or rudeness, 'offhand comments and isolated incidents (unless extremely serious) will not amount to discriminatory changes in 'terms and conditions of employment.'") (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

Furthermore, the single isolated incident forming the basis of Plaintiff's claim falls far short of stating a claim for race-based hostile work environment, especially in light of the fact that Defendants Stone and Hilton are white, like Plaintiff. Plaintiff's theory that Defendants (also white) would recruit and hire, only to suddenly develop an animus toward her race is implausible on its face. *See e.g., McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 460 (5th Cir. 2019) ("[O]n numerous occasions, this court has held that discrimination is less likely

---

[1] *See also Schofield v. Maverik Country Store*, 26 F. Supp. 3d 1147, 1160 (D. Utah 2014) (alleged "white trash," "fat ass," "hag," slut," kitchen bitches," "lesbo," and "ho" comments of supervisor, if proven, were not sufficiently severe or pervasive to amount to hostile work environment under Title VII because they were isolated incidents that did not physically threaten employee and did not unreasonably interfere with employee's work performance).

when the supervisor is in the same protected class as the plaintiff.") (citing *Kelly v. Costco Wholesale Corp.*, 632 F. App'x 779, 783 (5th Cir. 2015) ("[The plaintiff's] membership in the same protected class as [the supervisor] bolsters the inference that age discrimination was not the reason for his termination."); *Donald v. Plus4 Credit Union*, 2017 WL 3235659, at *9 (S.D. Tex. Jul. 31, 2017) ("Here, [CEO] is of the same protected class as [plaintiff] and was the same person who hired and fired her, generating a rebuttable inference that racial discrimination was not the employer's motivating factor."); *Thomas v. Group 1 Auto., Inc.*, No. CV H-23-1416, 2025 WL 19108, at *4 (S.D. Tex. Jan. 2, 2025) ("It is also undisputed that General Manager Cooper, who was involved in the decision to terminate [plaintiff], is African American, which undermines an inference that [plaintiff's] termination was racially motivated.").

The SAC's allegations, taken as true, amount to a single, isolated, and non-egregious comment, which is insufficient as a matter of law to state a claim for a race-based hostile work environment under Section 1981. Therefore, Plaintiff's Section 1981 claim should be dismissed with prejudice.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion in its entirety and enter a judgment on the pleadings in favor of Defendants for Plaintiff's race-based hostile work environment claim under Section 1981 asserted against them. Defendants further request the Court award them all other and further relief to which it may be justly entitled.

Dated: January 29, 2026                                    Respectfully submitted,


                                                */s/ Melinda J. Wetzel*
                                                Kimberly R. Miers
                                                Texas Bar No. 24041482
                                                kmiers@littler.com
                                                Melinda J. Wetzel
                                                Texas Bar No. 24115637
                                                mwetzel@littler.com
                                                LITTLER MENDELSON, P.C.
                                                100 Congress Avenue, Suite 1400
                                                Austin, Texas 78701
                                                Telephone:   512.982.7250
                                                Facsimile:    512.982.7248

                                          **ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

    I hereby certify that on January 29, 2026, a true and correct copy of the foregoing was served on all counsel of record by the Court's ECF system, including:

Emily Frost
Frost Domel PLLC
2499 S. Capital of Texas Hwy.
Suite B-203
Austin, Texas 78746
emily@frostdomel.com

Michael E. Lovins
Lovins Law
1301 S. Capital of Texas Hwy., A-136
Austin, Texas 78746
michael@lovinslaw.com

                                                ***Attorneys for Plaintiff***


                                                */s/ Melinda J. Wetzel*
                                                Kimberly R. Miers
                                                Melinda J. Wetzel