UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
February 04, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

JORDAN ESKEW, §
  §
    Plaintiff, §
  §
v. § CIVIL NO. 1:25-CV-00804-ADA
  §
STONE HILTON PLLC, §
CHRISTOPHER HILTON, and JUDD §
STONE, §
  §
    Defendants. §

## ORDER RE PENDING MOTIONS

Pending before the Court are the following motions:

- Plaintiff's Motion to Dismiss Defendants' Affirmative Defense (ECF No. 37);
- Non-Party Brent Webster and Ralph Molina's Motion to Quash Defendants' Third-Party Subpoenas (ECF No. 38);
- Defendants' Motion to Quash Plaintiff's Third-Party Subpoena to the OAG (ECF No. 41);
- Defendant Stone's Motion to Quash Plaintiff's Third-Party Subpoena to Senator Cruz (ECF No. 43);
- Non-Party Senator Cruz's Motion to Quash Plaintiff's Third-Party Subpoena (ECF No. 56); and
- Non-Party Allison Collins's Motion to Quash Plaintiff's Third-Party Subpoena (ECF No. 60).

In coming to its conclusions, the Court considered the briefing of the parties, all cited exhibits, and the relevant law, even if not referenced or cited below.

| Motion | Order |
|---|---|
| Plaintiff's Motion to Dismiss Defendants' Affirmative Defense (ECF No. 37) | **Denied**. The Court finds that Defendants' pleading is adequate. *Taylor v. HD & Assocs, L.L.C.*, 45 F.4th 833, 838–39 (5th Cir. 2022) (citing *Crofts v. DoubleBarrel Downhole Techs.*, No. 4:15-CV-00919, 2017 WL 11198916, at *3 (S.D. Tex. Aug. 16, 2017)).  Plaintiff can seek discovery into what specific exemptions Defendants believe apply.  Thus, the Court finds this motion to be more appropriate at the summary judgment stage. |

1

| | |
|---|---|
| Non-Party Brent Webster and Ralph Molina's Motion to Quash Defendants' Third-Party Subpoenas (ECF No. 38) | **Granted**. The Court finds that Defendants have not met their burden to show that either Mr. Webster or Mr. Molina has "first-hand knowledge related to the claims being litigated that is unobtainable from other sources." *In re Bryant*, 745 F. App'x 215, 218 n.2 (5th Cir. 2018) (per curiam).<br><br>It is hereby **ORDERED** that the subpoenas served on Brent Webster and Ralph Molina for November 20 and 21, 2025 are hereby quashed and Mr. Webster and Mr. Molina need not respond or appear for deposition.<br><br>It is further **ORDERED** that the Webster Email, the TWC Determination Letter, and witnesses Webster and Molina are hereby excluded from trial. Fed. R. Evid. 401–403, 802; *see* ECF No. 45 at 9–10. |
| Defendants' Motion to Quash Plaintiff's Third-Party Subpoena to the OAG (ECF No. 41) | **Granted-in-Part**. Courts must quash or modify a subpoena that requires disclosure of privileged or protected matter or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). The Court finds that Defendants have failed to meet their burden to show that this subpoena "requires disclosure of privileged or other protected matter" or "subjects [Defendants] to undue burden." *Id.*; *see* ECF No. 41 at 5–6.<br><br>But the Court agrees with Defendants that these materials should be treated as "Attorneys' Eyes Only." ECF No 41 at 9. The current protective order does not have such a heightened designation. *See* ECF No. 35. Thus, the parties are **ORDERED** to submit a proposed amended protective order to the Court.<br><br>All other requested relief is **DENIED**. |
| Defendant Stone's Motion to Quash Plaintiff's Third-Party Subpoena to Senator Cruz (ECF No. 43) | **Denied as Moot**. As noted below, the Court has granted Non-Party Senator Cruz's Motion to Quash Plaintiff's Third-Party Subpoena (ECF No. 56). Thus, this motion is denied as moot. |
| Non-Party Senator Cruz's Motion to Quash Plaintiff's Third-Party Subpoena (ECF No. 56) | **Granted**. Courts must quash a third-party subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "To determine whether the subpoena presents an undue burden, we consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The Court finds that Senator Cruz's office will face an undue burden and inconvenience in responding to the subpoena due to the breadth of the subpoena, |

2

| | |
|---|---|
| | the extended time period covered by the request, and the burden imposed to Mr. Cruz's office, which is not well-suited for these requests. ECF No. 56 at 7. Moreover, the Court finds that information sought, in light of the burden on Senator Cruz's office, is disproportional to the needs of the case and not particularly relevant. Fed. R. Civ. P. 26(b)(1). Thus, it is hereby **ORDERED** that the subpoena directed to the Office of Senator Ted Cruz is quashed in its entirety. |
| Non-Party Allison Collins's Motion to Quash Plaintiff's Third-Party Subpoena (ECF No. 60) | **Granted**. Courts must quash a third-party subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "To determine whether the subpoena presents an undue burden, we consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa*, 392 F.3d at 818. The Court finds that the burden imposed on Ms. Collins is high here due to the confidentiality provisions contained in the sought after settlement agreement. Moreover, Plaintiff does not need to receive this document from Ms. Collins. *Id.* (factor 2). Any agreement between Ms. Collins and Stone Hilton PLLC is very likely in Defendants' possession, an assertion Plaintiff does not challenge. *See* ECF No. 61 at 7–8. Thus, the Court finds that the subpoena places an undue burden on Ms. Collins.<br><br>It is hereby **ORDERED** that the subpoena directed to Ms. Collins is quashed to the extent it seeks the production of a confidential mediation settlement agreement. |

Signed: 02/04/2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE