UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JORDAN ESKEW,  §<br>　　Plaintiff  §<br>　　　　　　　　　　　　　§<br>v.　　　　　　　　　　　　§<br>　　　　　　　　　　　　　§<br>STONE HILTON PLLC,  §<br>CHRISTOPHER HILTON, AND JUDD  §<br>STONE,  §<br>　　Defendants.  § | Case No. 1:25-cv-00804-ADA |

**PLAINTIFF'S MOTION TO RECONSIDER COURT ORDER QUASHING
PLAINTIFF'S SUBPOENA FOR DEPOSITION ON WRITTEN QUESTIONS SERVED
ON OFFICE OF SENATOR TED CRUZ**

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

Plaintiff Jordan Eskew files this motion asking the Court to reconsider its order quashing Plaintiff's subpoena for a deposition on written questions served on the Office of Senator Ted Cruz (doc. 63) and would respectfully show the Court as follows:

1. On February 4, 2026, the Court quashed Plaintiff's subpoena for a deposition on written questions served on the Office of Senator Ted Cruz. Doc. 63.

2. Two days later, on February, 6, 2026, at 10:13 p.m., third party witness Hon. Grant Dorfman produced the memo attached as Exhibit A and incorporated by reference. This memo establishes that a claim of harassment was made against Judd Stone while Stone was employed by the Office of Senator Ted Cruz, just a few weeks before Stone departed Cruz's employ.

3. The specific nature of the complaint(s) against Stone is not clear, but if it is similar to the conduct alleged by Plaintiff in this case, it is relevant in this case to show "motive, opportunity,

intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b).[1]

4. The fact that two former staffers of the Office of Senator Ted Cruz, Steve Chartan and Sam Cooper, determined that, "The weight of the evidence indicates no harassment occurred" is irrelevant. The complainant(s), whose identity the Office of Senator Ted Cruz has refused to disclose, may convince the jury otherwise. The jury will want to know whether Stone has been

---

[1] *See, e.g., Alaniz v. Zamora-Quezada*, 591 F.3d 761, 775 (5th Cir. 2009) (evidence that defendant in former employee's sex discrimination action had harassed other parties, as well as two non-party witnesses, was admissible for purposes other than to show "propensity," including to demonstrate plan, motive, or absence of mistake); *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1287 (11th Cir. 2008) (in racial discrimination action, employer was not entitled to instruction directing jury to disregard "me too" evidence presented by plaintiff regarding termination of four black employees other than plaintiff; evidence was admissible as relevant to plaintiff employee's claim of hostile work environment, to rebut employer's "good faith" defense, and as probative of intent); *Heyne v. Caruso*, 69 F.3d 1475, 1480 (9th Cir. 1995) (evidence of employer's sexual harassment of other female employees could be used to prove his motive or intent in discharging plaintiff; sexual harassment of others, if shown to have occurred, was relevant and probative of employer's general attitude of disrespect toward female employees, and his sexual objectification of them); *Jackson v. Potter*, 587 F. Supp. 2d 1179, 1183–84 (D. Colo. 2008) (evidence of other complaints filed against employee's supervisor was admissible to show motive, intent, and a pattern of conduct in employee's discrimination action, and probative value of such evidence was not substantially outweighed by danger of unfair prejudice); *Gaffney v. Dep't of Info. Tech. & Telecomm's*, 579 F. Supp. 2d 455, 460 (S.D. N.Y. 2008) (unsuccessful job applicant's testimony regarding supervisors' discriminatory and retaliatory conduct was relevant to other unsuccessful applicants' claim that employer had policy or practice of discrimination and retaliation and thus was admissible in other unsuccessful applicants' § 1983 action against supervisors, despite supervisors' contention that testimony was prohibited "me too" evidence); *Nakis v. Potter*, 422 F. Supp. 2d 398, 410 (S.D. N.Y 2006) (time-barred conduct in employment discrimination claim may still be offered as evidence of discriminatory intent to support timely discrimination claims); *Hernandez Loring v. Universidad Metropolitana*, 190 F. Supp. 2d 268, 271 (D. Puerto Rico 2002) (evidence that male professor sexually harassed female students was admissible in female professor's action against university for *quid pro quo* sexual harassment to demonstrate that there was general atmosphere of sexual hostility at workplace and that university knew or should have known about it); *Lowery v. Carrier Corp.*, 953 F. Supp. 151, 158 (E.D. Tex. 1997) (even if alleged instances of sexual harassment by supervisor, which occurred outside 300 day time period for filing charge of discrimination in violation of Title VII, were not part of same continuing violation which allegedly occurred inside such time period so as to be actionable, they were admissible as relevant background evidence for employee's claims involving alleged incidents that occurred inside time period); *Webb v. Hyman*, 861 F. Supp. 1094, 1111 D.D.C. 1994 (evidence of allegations of harassment by supervisor towards other women was admissible in government employee's sexual harassment suit against supervisor and government on issues of motive, intent and government's notice of harassment, even if incidents complained of by other women were remote in time from harassment suffered by employee); *see also Borg-Warner Protective Servs Corp. v. Flores*, 955 S.W.2d 861, 869 (Tex. App.—Corpus Christi 1997, no pet.) (punitive damage award of $2,225,000 to former employee in action against employer, alleging sexual harassment and related intentional torts, was not excessive, and thus, was not unconstitutional, where employee sought to punish employer and supervisor for supervisor's commission of highly reprehensible pattern of conduct).

accused of similar conduct by other complainants, as it would show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." TEX. R. EVID. 404(b); *see* note 1, *supra*. Furthermore, the memo establishes that "[Stone's] alcohol consumption fell short of the Office's alcohol policy," which indicates there was inappropriate conduct related to Stone's alcohol use. Plaintiff has also alleged inappropriate conduct related to Stone's alcohol use as part of her claim for intentional infliction of emotional distress.

5.  As indicated by the Court in the hearing on the motion to strike, Plaintiff should be allowed to develop this evidence. Doc. 42-1 at 10:3–6 ("I'm willing to allow you to do whatever discovery you want and to reinstate any of those issues down the road and to pursue them through the case and at trial …."); *id.* at 21:6–9 ("For the record, I am granting the motion to strike. However, I'm going to allow the plaintiff to take discovery on any issue that has been raised in the complaint.")

6.  Plaintiff therefore asks the Court to reconsider its order (doc. 63) quashing Plaintiff's subpoena for a deposition on written questions served on the Office of Senator Ted Cruz and order the Office of Senator Ted Cruz to answer the following questions only: questions 1 through 6 and 24 through 30 of Document 56-1. These questions are appropriately limited in scope such that the Office of Senator Cruz will not be unduly burdened in answering them. And the Office of Senator Ted Cruz may of course designate any sensitive information as confidential pursuant to the Court's protective order.

### Request for Relief

For these reasons, Plaintiff respectfully requests that the Court reconsider its order quashing Plaintiff's subpoena for a deposition on written questions served on the Office of Senator Ted Cruz

and order the Office of Senator Ted Cruz to answer the following questions only: questions 1 through 6 and 24 through 30 of Document 56-1, within fourteen days of the Court's order.

Plaintiff further requests all other just relief.

Respectfully Submitted,

**FROST DOMEL PLLC**

*/s/ Emily Frost*
Emily Frost
State Bar No. 24036601
emily@frostdomell.com
2499 S. Capital of Texas Highway
Suite B-203
Austin, Texas 78746
Tel: (512) 640-5501

**LOVINS TROSCLAIR, PLLC**

Michael E. Lovins
State Bar No. 24032555
Michael@LovinsLaw.com
1301 S. Capital of Texas Highway
Suite A136
Austin, Texas 78746
Tel: (512) 535-1649
Fax: (214) 276-1475

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was delivered via e-service to all counsel of record on this 22nd day of February, 2026.

*/s/ Emily Frost*
Emily Frost