## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JORDAN ESKEW,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:25-cv-00804-** |
| | § | **ADA** |
| **STONE HILTON PLLC,** | § | |
| **CHRISTOPHER HILTON, AND JUDD** | § | |
| **STONE,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER COURT ORDER QUASHING PLAINTIFF'S SUBPOENA FOR DEPOSITION ON WRITTEN QUESTIONS SERVED ON OFFICE OF SENATOR TED CRUZ AND MOTION TO EXCLUDE EVIDENCE SOUGHT BY QUASHED SUBPOENA

Defendants Stone Hilton PLLC, Christopher Hilton, and Judd Stone file their Response to Plaintiff's Motion to Reconsider Court Order Quashing Plaintiff's Subpoena for Deposition on Written Questions Served on Office of Senator Ted Cruz (the "Motion") (ECF No. 72) and Motion to Exclude Evidence Sought by Quashed Subpoena as follows:

## I.    INTRODUCTION

In a purely harassing effort to conjure negative headlines by invoking Senator Cruz's name—and despite the utter irrelevance of the information Plaintiff seeks and its non-existent effect on Plaintiff's claims—Plaintiff once again seeks to expand this case and her fishing expedition far beyond the four-month period of her 2023 employment at Stone Hilton from which all of her claims arise. Plaintiff's latest gambit relies on a single 2019 internal memorandum (the "Senate Memo") that two Senate staffers provided to Stone following an unspecified complaint made during his Senate employment. *See* ECF No. 72-1. The memo expressly concludes that, after a "thorough investigation," "no harassment occurred." *Id.*

The Court already held that Plaintiff's subpoena to the Senate Office was unduly burdensome, disproportionate, and "not particularly relevant" to the issues in this case. ECF No. 63 at 2–3. She now asks the Court to reconsider its prior ruling and reopen third-party discovery into Defendant Stone's unrelated employment with the Office of Senator Ted Cruz over three years earlier. From the Senate Memo—which confirms the *absence* of misconduct—Plaintiff speculates that she might uncover "similar conduct" admissible under Federal Rule of Evidence 404(b)[1] and attempts to revive discovery the Court already rejected as irrelevant and burdensome. But Plaintiff offers no articulation of a permissible non-propensity purpose under Rule 404(b)(2) and no explanation for how this collateral Senate discovery could meet Rule 26(b)(1) proportionality or avoid the substantial Rule 403 prejudice and mini-trial concerns it would create.

The Court should deny the Motion for Reconsideration and exclude the Senate Memo and any evidence regarding Stone's employment at the Senate under Rules 401-403 and 404(b)(1).

## II.    PROCEDURAL BACKGROUND

On February 4, 2026, the Court granted Senator Cruz's motion to quash Plaintiff's subpoena for a deposition on written questions. The Court found that the subpoena's breadth, time span, and demands imposed an undue burden on a non-party "not well-suited for these requests," and that the information sought was disproportional to the needs of the case and "not particularly relevant." ECF No. 63 at 2–3 (citing FED. R. CIV. P. 26(b)(1); ECF No. 56 at 7).

Third-party Hon. Grant Dorfman thereafter produced the Senate Memo to Plaintiff. It states that an unspecified "harassment complaint" had been thoroughly investigated and that "[t]he weight of the evidence indicates that no harassment occurred," closing the investigation without any disciplinary action. ECF No. 72-1.

---

[1] Plaintiff incorrectly cites *Texas* Rule of Evidence 404(b) as providing the governing rule. See ECF No. 72, ¶¶ 3-4.

Plaintiff now moves for reconsideration, arguing that the previously-quashed discovery may yield evidence relevant under Rule 404(b)(2). Yet Plaintiff does not identify any specific, non-propensity theory of relevance; does not reconcile her request with the Court's prior findings of undue burden and disproportionality; and does not explain why the Senate Office should be required to respond to a subpoena already found improper. Instead, she simply asks the Court to compel answers to "questions 1–6 and 24–30" from her prior list of written questions.

## III.   LEGAL STANDARD

### A.    Courts Evaluate Reconsideration Motions Under Rule 54(b).

Interlocutory orders "may be revised at any time before the entry of judgment." FED. R. CIV. P. 54(b). Courts often consider the Rule 59(e) factors—intervening change in law, newly discovered evidence, or the need to correct clear error or prevent manifest injustice—while also having broader discretion to reverse prior decisions for any reason deemed sufficient. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017); *see also Carvajal v. Mijelum, L.L.C.*, No. EP-23-CV-00245-RFC, 2025 WL 3035106, at *1 (W.D. Tex. Oct. 22, 2025) (applying Rule 54(b) in reconsidering order on motion to quash).

### B.    Third Party Discovery is Governed by Rules 26 and 45.

Rule 26(b)(1) limits discovery to non-privileged matters relevant to a claim or defense and proportional to the needs of the case. Courts must limit discovery that falls outside that scope. FED. R. CIV. P. 26(b)(2)(C)(iii). Rule 45 subpoenas are subject to the same limits. *See MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018); *Garcia v. Prof. Contract Servs., Inc.*, No. A-15-cv-585-LY, 2017 WL 187577, at *2 (W.D. Tex. Jan. 17, 2017). Courts must quash a subpoena that imposes an undue burden or requires the disclosure of protected matters. FED. R. CIV. P. 45(d)(3)(A)(iii), (iv); *see Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (explaining district courts must balance relevance, need, breadth, time period, particularity, and

the burden imposed).

      **C.**      **"Other Acts" Evidence Is Governed by Rules 404(b) and 403.**

      Evidence of other acts is admissible only if it is relevant to a permissible issue other than character or propensity, and its probative value is not substantially outweighed by its under prejudice and other Rule 403 dangers. *See United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc); *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988); FED. R. EVID. 404(b).

**IV.**      **ARGUMENT**

      **A.**      **Plaintiff Offers No Non-Propensity Theory Under Rule 404(b); Citation to the Rule's Buzzwords Is Not Enough.**

      Plaintiff does not identify a specific, disputed issue (such as a genuinely contested state of mind or motive) for which the Senate Memo or the underlying events it references would have non-propensity relevance. She merely recites Rule 404(b)(2)'s vocabulary—"motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"—without tethering those terms to any concrete theory tied to the elements or defenses in this case. ECF No. 72 at 2–3. This is legally insufficient.

      Rule 404(b)(1) would be hollow if parties could smuggle in propensity evidence simply by invoking 404(b)(2)'s labels without demonstrating *how* the prior act is probative of a permissible, non-character purpose in dispute. *See Carbajal v. Hayes Mgmt. Serv., Inc*., 2023 WL 8530294 (D. Idaho 2023) (excluding prior-harassment evidence where the proponent invoked Rule 404(b)(2) terms without explaining how the other acts was probative of a disputed non-propensity issue).

      Plaintiff's proffer here is especially weak because the very document Plaintiff relies upon concludes, after a "thorough investigation," that "no harassment occurred." ECF No. 72-1. That document does not advance any non-propensity inference of motive, intent, plan, knowledge, identity, or absence of mistake; if anything, it undercuts probative value on any such theory.

The Court should reject Plaintiff's "laundry list" invocation of Rule 404(b)(2) that is unconnected to a concrete, non-propensity purpose as insufficient to demonstrate the relevance of the discovery she seeks.

**B.      Plaintiff's Authorities Concern Same-Workplace Conduct at or Near the Same Time; They Do Not Justify Collateral Discovery to a Different Employer Years Earlier.**

Plaintiff recycles the same string cite from her earlier subpoena briefing without explaining why those cases apply here or addressing Defendants' prior distinctions. ECF No. 72 at 2–3 n.1; *see* ECF No. 19 at 6-8 & n. 3; ECF No. 52 at 3-6 & n. 5, ECF No. 59 at 3. At most, the cited decisions address trial admissibility of first-hand coworker testimony describing similar conduct in the same workplace, within a comparable timeframe. They do not support reopening third-party discovery to a different employer, where over three years earlier an investigation concluded "no harassment occurred." ECF No. 72-1. For instance, *Alaniz v. Zamora–Quezada*, 591 F.3d 761, 767 (5th Cir. 2009), involved consolidated claims by former employees who worked in the *same* workplace during a *similar* time period, alleging a *continuous* pattern by the *same* employer. That context is a far cry from Plaintiff's effort to reach back to Stone's prior employment with the U.S. Senate. The same is true of the out-of-circuit cases Plaintiff relies on: each concerns coworker testimony about substantially similar behavior in the same workplace, often where the employer's notice or pattern within that workplace was at issue.[2] None involved discovery into a separate

---

[2] *See e.g., Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1287 (11th Cir. 2008) (addressing admissibility of <u>coworker</u> testimony about treatment close in time at <u>same</u> workplace); *Heyne v. Caruso*, 69 F.3d 1475, 1480 (9th Cir. 1995) (addressing admissibility of other employees who were allegedly harassed in <u>the same workplace</u> at trial); *Jackson v. Potter*, 587 F. Supp. 2d 1179, 1183–84 (D. Colo. 2008) (addressing admissibility of <u>coworker</u> complaints filed against plaintiff's supervisor while complainants were employed by same employer during same timeframe, after defendant opened the door on cross-examination); *Gaffney v. Dep't of Info. Tech. & Telecomm's*, 579 F. Supp. 2d 455, 460 (S.D. N.Y. 2008) (addressing admissibility of <u>coworker</u> testimony where coworker was terminated and not rehired after participating in litigation, just like plaintiffs, after the same reorganization that led to plaintiffs termination); *Hernandez Loring v. Universidad Metropolitana*, 190 F. Supp. 2d 268, 271 (D. Puerto Rico 2002) (admitting testimony of students who accused defendant professor of harassment to show the "general atmosphere" of the working environment and employer's knowledge, but not to show that professor "has a sexually harassing character and therefore harassed [p]laintiff"); *Webb v. Hyman*, 861 F. Supp. 1094, 1111 (D.D.C. 1994), as amended

institution to re-litigate a closed matter concluding no harassment.

Plaintiff does not point to a single case where a court deemed admissible for a permissible Rule 404(b) purpose evidence of allegations of harassment at a *prior* place of employment, remote in time and unconnected to plaintiff's employment. Because Plaintiff's 404(b) premise fails, any derivative claim of Rule 26(b)(1) relevance fails with it. What remains is an improper fishing expedition into a non-party public office about an unrelated, thoroughly investigated, and closed 2019 matter.

### C.    Plaintiff Still Cannot Satisfy Rules 26 and 45: the Requests Remain Minimally Relevant, Disproportionate, and Unduly Burdensome to a Non-Party.

The Court already weighed the subpoena's relevance, proportionality, and non-party burden and concluded that the discovery sought from Senator Cruz's Office was "not particularly relevant," was disproportionate to the needs of the case, and imposed an undue burden on an office "not well-suited for these requests," particularly in light of the subpoena's breadth and time span. ECF No. 63 at 2–3 (citing Fed. R. Civ. P. 26(b)(1)). Nothing in Plaintiff's motion changes that calculus. The only "new" item is the Senate Memo that finds "no harassment occurred" and closes a 2019 matter. ECF No. 72-1. Plaintiff's speculation that the memo may reflect "similar" conduct to that alleged by Plaintiff does not increase the discovery's relevance; indeed, the memo's conclusion that no harassment occurred negates its probative value.

Plaintiff's deposition on written questions likewise do not mitigate burden. The questions are not ministerial "custodian" prompts. Rather, they require the Senate Office to investigate and narrate whether any formal or informal "concerns" were ever raised about Stone, identify who

---

(Nov. 5, 1994) (admitting <u>coworker</u> testimony regarding events that took place "within the past few years" of the misconduct alleged in plaintiff's case, which constituted "substantially similar behavior" when compared with those acts alleged by plaintiff and showed <u>contemporaneous environment</u>, while admitting only evidence of the existence of earlier complaints to show notice to employer).

raised them, to whom, and when, describe the concern and all responses, and then produce all corresponding documents and communications. *See* ECF 56-1 at 9-10, question 6 (subpoena). That is not targeted discovery—it is conscripting a non-party public office into conducting a historical personnel investigation the Court has already deemed improper.

The privacy implications independently confirm disproportionality. Plaintiff seeks the identity and last-known contact information for multiple categories of current and former Senate employees connected to any "concerns," even though the Senate's 2019 inquiry found no harassment. *See id.* at question 6(b), (c), (h), (k), (r). Forcing disclosure of names and contact details would unnecessarily expose staffers and potential witnesses to intrusive outreach and follow-on subpoenas about a closed matter from over six years ago and would risk revealing sensitive personnel communications and internal deliberations within a non-party federal office. *See id.* at question 6 (requiring identification of staffers, descriptions of concerns and actions taken, and production of all related documents). These privacy intrusions—directed at individuals who are not parties and who work (or worked) for a non-party governmental office—exceed what is proportional or necessary to resolve Plaintiff's claims about her 2023 employment at Stone Hilton.

Allowing that inquiry now would not only invade the privacy of third parties and staff in a non-party federal office, it would also trigger a fresh round of third-party subpoenas and depositions regarding events from over six years ago—even though discovery has closed—all to relitigate a matter the memo itself closed with a no-harassment finding. Plaintiff has already demonstrated she will pursue such additional discovery—she issued subpoenas for documents and depositions to the three staffers identified in the Senate Memo. *See* Ex. A-D.[3] This is exactly the

---

[3] On February 23, 2026, Plaintiff advised that the three Cruz staffer depositions would not proceed on February 24, 2026, as noticed. Ex. E.

kind of collateral time-consuming side litigation that Rules 26 and 45 of the Federal Rules of Civil Procedure and Rule 403 of the Federal Rules of Evidence are designed to prevent.

Because Plaintiff's Rules 26 and 45 showings depend entirely on an unavailing Rule 404(b) premise and on a document that reports no harassment, the same considerations that warranted quashing the subpoena continue to control. The requested discovery remains marginally relevant at best, substantially outweighed by the burden on a non-party institution, and out of proportion to the needs of the case. The Court should deny reconsideration and maintain its prior order.

### D. Plaintiff Openly States Her Intent to Conduct a Mini-Trial of Remote, Unsubstantiated Allegations at a Prior Employer.

Even if Plaintiff could articulate a proper purpose under Rule 404(b)—which she cannot— the Senate matter would be admissible "only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston*, 485 U.S. at 689 (citing *Beechum*, 582 F.2d at 912–913); *see* FED. R. EVID. 104(b) ("When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist."). Yet the Senate Memo reaches the opposite conclusion: it expressly finds no harassment occurred.

Rather than accept that finding, which she asserts is "irrelevant," Plaintiff explicitly declares her plan to have the "complainant(s), whose identity the Office of Senator Ted Cruz has refused to disclose, [] convince the jury otherwise." ECF No. 72 at 2. That is an open admission that Plaintiff seeks to stage a trial-within-a-trial to re-litigate a closed Senate matter involving unspecified complaints, unidentified actors, undefined facts, a different employer, and events from over six years ago.

The Court should reject this tactic. Where the relevance of proposed "other acts" evidence would require the court and jury to conduct mini-trials on unrelated complaints to assess who said what, when, and whether the alleged wrongful act actually occurred, the material should be

excluded as unduly prejudicial, confusing, and a waste of time. *See* FED. R. EVID. 403. That principle applies with greater force here, where the only document Plaintiff offers reports the Senate Office found, after a thorough investigation, that no harassment occurred and the proposed discovery targets a non-party Senate office about a different workplace and remote time period.

Bottom line: Plaintiff's stated plan to put the Senate complainant before the jury to "convince them otherwise" is propensity by another name and would devolve into a collateral mini-trial on remote, unsubstantiated allegations. The Court should deny reconsideration and preclude any use of the Cruz-related material under Rules 104, 401–403 and 404(b).

## V.  THE COURT SHOULD EXCLUDE EVIDENCE FROM SENATOR CRUZ'S OFFICE FROM TRIAL

Because Plaintiff put Rule 404(b) admissibility of the Senate matter squarely at issue as the reason to reopen discovery, Defendants move to exclude from trial any evidence, testimony, or argument concerning any alleged complaints or "concerns" from Stone's prior employment with the Office of Senator Ted Cruz.

First, the evidence fails to meet the admissibility requirements of Rules 401–402. The Senate Memo does not make a fact of consequence in this case more or less probable. It closes a prior inquiry with the conclusion that no harassment occurred and, at most, references personal-time alcohol use vis-à-vis an internal policy for senior staffers. That finding does not advance any fact at issue in Plaintiff's claims regarding her 2023 Stone Hilton employment.

Exclusion is also warranted under Rule 404(b)(1) because Plaintiff proposes to use the Senate material as character/propensity evidence, repackaged through 404(b)(2)'s labels. Plaintiff has not articulated a coherent non-propensity theory tied to an actually disputed element in this case, and merely listing "motive, intent, plan, knowledge, absence of mistake" is legally insufficient. On this record, there is no coherent non-propensity theory.

Even if Plaintiff had a proper 404(b) purpose, the evidence fails Rule 104(b)'s conditional-relevance threshold. "Other acts" proof is admissible only if a jury could reasonably find the other act occurred and Stone was the actor. The only proffered document expressly finds no harassment—foreclosing any threshold showing that a prior wrongful act actually occurred.

The Rule 403 balance independently requires exclusion. Any marginal probative value is substantially outweighed by the danger of unfair prejudice, confusion, and a waste of time. Plaintiff's own brief makes clear her intent to have a complainant "convince the jury otherwise," which would necessitate a trial-within-a-trial about a different workplace and time period, with unidentified actors and disputed facts. That collateral mini-trial could confuse issues, prolong proceedings, and divert the jury from the issues actually joined in this case.

Excluding the evidence now prevents prejudice and inefficiency and streamlines the case.

## VI.    CONCLUSION

Defendants respectfully request that the Court (1) deny Plaintiff's Motion to Reconsider (ECF No. 72); (2) leave in place the Court's prior order quashing the subpoena to the Office of Senator Ted Cruz (ECF No. 63); (3) grant Defendants' Motion to Exclude; (4) exclude the Senate Memo and any testimony, documents, or argument concerning alleged complaints, "concerns," or investigations from Stone's prior employment with the Office of Senator Ted Cruz under Federal Rules of Evidence 401–403, 404(b), 104(b), and further preclude Plaintiff from referencing or relying on such material at trial, in motions, or before the jury, and (4) award any further relief to which Defendants are entitled.

Dated:  March 2, 2026                                    Respectfully submitted,


                                                        */s/ Melinda J. Wetzel*
                                                        Kimberly R. Miers
                                                        Texas Bar No. 24041482
                                                        kmiers@littler.com
                                                        Melinda J. Wetzel
                                                        Texas Bar No. 24115637
                                                        mwetzel@littler.com
                                                        LITTLER MENDELSON, P.C.
                                                        100 Congress Avenue, Suite 1400
                                                        Austin, Texas 78701
                                                        Telephone:    512.982.7250
                                                        Facsimile:    512.982.7248

                                                        **ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 2, 2026, a true and correct copy of the foregoing was served on all counsel of record by the Court's ECF system, including:

Emily Frost
Frost Domel PLLC
2499 S. Capital of Texas Hwy.
Suite B-203
Austin, Texas 78746
emily@frostdomel.com

Michael E. Lovins
Lovins Law
1301 S. Capital of Texas Hwy., A-136
Austin, Texas 78746
michael@lovinslaw.com

***Attorneys for Plaintiff***

Justin R. Simmons
United States Attorney
Thomas A. Parnham Jr.
Assistant United States Attorney
903 San Jacinto Blvd, Suite 334
Austin, Texas 78701
thomas.parnham@usdoj.gov

Attorneys for the Office of Senator Ted Cruz

*/s/ Melinda J. Wetzel*
Kimberly R. Miers
Melinda J. Wetzel