# EXHIBIT B

| | |
|---|---|
| **From:** | records.notification@lexitaslegal.com |
| **To:** | Wetzel, Melinda J. |
| **Cc:** | jessica.pina@lexitaslegal.com |
| **Subject:** | Notice of Record Availability |
| **Date:** | Monday, February 16, 2026 5:20:03 PM |
| **Attachments:** | Legal Packet - 276622 - OtherCounsel - (Melinda J. Wetzel) - 2026-02-16T231732.930Z.pdf |

**[EXTERNAL E-MAIL]**



Lexitas

# Notice of Record Availability

## Case: JORDAN ESKEW vs STONE HILTON PLLC, CHRISTOPHER HILTON, AND JUDD STONE

## Cause Number: 1:25-cv-804-ADA

Attached please find a notice of intention for your review. Please fax or email the waiver sheet back to our office to indicate if you will waive the notice and if you would like copies of the documents. Please return the requested documents via email to:

waiverresponses@lexitaslegal.com

**Thank you,**
**The Lexitas Team**



This transmission may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or use of the information contained herein (including any reliance thereon) is STRICTLY PROHIBITED.
If you received this transmission in error, please immediately contact the sender and destroy the material in its entirety, whether in electronic or hard copy format.

Lexitas

lexitaslegal.com | 800-497-7618

Secured by Paubox - HITRUST certified

**LEXITAS**
13101 NorthWest Frwy #330
HOUSTON, TEXAS 77040
(713) 375-0121
(713) 664-4180 (fax)

**276622**
Melinda J.  Wetzel
Phone: (512) 982-7263
Fax: (512) 982-7248

*Please submit completed waivers or questions to* **waiverresponses@lexitaslegal.com**.

---

### CAUSE NO. 1:25-cv-804-ADA

| | | |
|---|---|---|
| JORDAN ESKEW | § | |
| vs | § | CIVIL ACTION NO 1:25-CV-804-ADA |
| STONE HILTON PLLC, CHRISTOPHER | § | |
| HILTON, AND JUDD STONE | § | |

**WAIVER OF NOTICE AND AVAILABILITY OF RECORDS PERTAINING TO**
**Please Refer To  Exhibit "A-1"**

**To: Melinda J.  Wetzel**  mwetzel@littler.com

Lexitas has been requested to locate and retrieve the records for the above cause. We have listed the record facilities below and you may order all, or selected portions.

We ask that you waive the notice period so that we may begin work immediately. Please indicate your intention below, sign in the space provided, and email or fax to our office no later than **03/09/2026**.

**Waiver of Notice**

_____ I will waive the notice period                    _____ I will not waive the notice period

**Records  Order**

Our standard procedure is to provide records via secure, encrypted email for a flat fee of  $120.00 per record. In order to properly deliver these records, please confirm the email address above. If an email is not listed, please complete the section below.

Attorney email address (required):_____

Second email address to copy (optional):_____

_____   I want a **_hardcopy_** of these records in addition to the electronic copy. I understand each record will be charged at $.50 per page in addition to the $120.00 base record rate.

_____   If received, I would like a copy of any **_negative legal documents_** obtained, this may include, Affidavits of No Record, Affidavits of Destroyed Records, Affidavits of Common Record, etc. If this item is not checked, no negative legal documents will be provided, and the firm will not be charged for these orders.

_____   I would like to direct this bill to a third party (Complete billing information including claim number required)

**Record Facilitie(s)/Request(s) -** *Please choose at least one option below. If no options are marked, no records will be provided.*

_____   I want a copy of all facilities/requests listed on this form.

**If requesting partial records please check all facilities/requests that apply below.**

_____   276622-1-19   Steve Adam Chartan **- Other**
_____   276622-1-20   Samuel Cooper **- Other**
_____   276622-1-21   Christine Schaffer-Babcock **- Other**

Third party billing is provided only as a courtesy. Your office is responsible for all charges.

_____
**Authorized Signature**

**CAUSE NO. 1:25-cv-804-ADA**

| | | |
|---|---|---|
| **JORDAN ESKEW** | § | |
| **vs.** | § | **CIVIL ACTION NO 1:25-CV-804-ADA** |
| **STONE HILTON PLLC, CHRISTOPHER** | § | |
| **HILTON, AND JUDD STONE** | § | |

## NOTICE OF INTENTION TO SUBPOENA DOCUMENTS
## OR TANGIBLE THINGS WITHOUT A DEPOSITION

To all parties by and through their attorney(s) of record:  **SEE ATTACHED SERVICE LIST**

Please take notice that a Subpoena for the Production of Documents, Information, or Objects, or to Permit Inspection of Premises will be served upon the Custodian of Records for::

**Steve Adam Chartan**



Production will be after fourteen (14) days from the service of a copy hereof.  The witness will be instructed to produce such records to a Notary Public for:

> **Lexitas**
> **13101 Northwest Freeway, Suite 330**
> **Houston, Texas  77040**
> **Phone:  (713) 365-0777 // Fax:  (713) 365-0808**

or its designated agent, at the address of the witness, or any other agreed-upon place.  The documents or things produced by the witness may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court. Notice is further given that request is hereby made as authorized under Rule 45, Federal Rules of Civil Procedure, to the officer handling this document production to issue a subpoena duces tecum and cause it to be served upon the witness to produce any and all records as described on the attached subpoena and/or Exhibit(s).

> **FROST DOMEL, PLLC**
> **/s/ EMILY FROST**
> **EMILY FROST**
> State Bar No.:  24036601
> Email Address:  emily@frostdomel.com
> **2499 S. CAPITAL OF TEXAS HWY**

**STE. B-2**
**AUSTIN, TEXAS 78746**

> **Austin, Texas  78746**
> Phone:  (512) 640-5500 // Fax:  (512) 934-0124
> Attorney for Plaintiff

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand-delivery, email, facsimile, Federal Express, electronic service, and/or certified mail (return receipt requested) on this day.

Dated: February 16, 2026                                           by /s/ EMILY FROST

**File: 276622-1-19**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand-delivery, email, facsimile, Federal Express, electronic service, and/or certified mail (return receipt requested) on this day.

Dated:  February 16, 2026

_Mariana Garcia_

_____

Lexitas
13101 Northwest Freeway, Suite 330
Houston TX 77040
Phone:  713-365-0777

### Service List:

Kimberly R. Miers
Littler Mendelson, P.C.
100 Congress Ave.
Suite 1400
Austin Texas 78701
Phone:  (512) 982-7263
Fax:  (512) 982-7248

Melinda J. Wetzel
Littler Mendelson, P.C.
100 Congress Ave.
Suite 1400
Austin Texas 78701
Phone:  (512) 982-7263
Fax:  (512) 982-7248

**File: 276622-1-19**

# EXHIBIT "A-1"

**DOCUMENTS TO BE PRODUCED:**

1.  All documents and communications regarding any complaint of sexual harassment against Judd Stone.

2.  Any communications between you and/or Judd Stone, Christopher Hilton, and/or Stone Hilton PLLC related to the Claims in this Lawsuit from May 2023 to present.

3.  Any communications between you and any person related to the Claims in this Lawsuit, excluding attorney-client communications.

4.  All documents and communications related to any termination or resignation of Judd Stone's employment by any employer, including but not limited to Office of Senator Ted Cruz.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, Or Objects or to Permit Inspection of Premises in a Civil Action

# IN THE IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| JORDAN ESKEW | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:25-cv-804-ADA |
| | ) | |
| STONE HILTON PLLC, CHRISTOPHER HILTON, AND JUDD STONE | ) ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Custodian of Records for:  Steve Adam Chartan; ████████████████████

*(Name of person to whom this subpoena is directed)*

☑ *Production:* You, or your representatives, must produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
**Please refer to Exhibit "A" for a complete description of any and all files, business records, photographs and any other tangible items of any kind**

| Place:          Lexitas, , | Date and Time: 03/03/2026 at 10:00 a.m. |
|---|---|
| , | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property
or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| Date: 2026-02-16T23:17:21Z | *CLERK OF COURT* | | /s/ *EMILY FROST* |
|---|---|---|---|
| | *Signature of Clerk or Deputy Clerk* | OR | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing <u>Plaintiff</u> who issues or requests this subpoena, are:  EMILY  FROST; Email:  emily@frostdomel.com; FROST DOMEL, PLLC; 2499 S. CAPITAL OF TEXAS HWY; Austin, Texas  78746; Phone:  (512) 640-5500.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

File:  276622-1-19

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, Or Objects or to Permit Inspection of Premises in a Civil Action  (Page 2)

Civil Action No.        1:25-cv-804-ADA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, Or Objects or to Permit Inspection of Premises in a Civil Action  (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

CAUSE NO. 1:25-cv-804-ADA

| | | |
|---|---|---|
| **JORDAN ESKEW** | § | |
| **vs.** | § | **CIVIL ACTION NO 1:25-CV-804-ADA** |
| **STONE HILTON PLLC, CHRISTOPHER** | § | |
| **HILTON, AND JUDD STONE** | § | |

## NOTICE OF INTENTION TO SUBPOENA DOCUMENTS
## OR TANGIBLE THINGS WITHOUT A DEPOSITION

To all parties by and through their attorney(s) of record:  **SEE ATTACHED SERVICE LIST**

Please take notice that a Subpoena for the Production of Documents, Information, or Objects, or to Permit Inspection of Premises will be served upon the Custodian of Records for::

**Samuel Cooper**

Production will be after fourteen (14) days from the service of a copy hereof.  The witness will be instructed to produce such records to a Notary Public for:

> **Lexitas**
> **13101 Northwest Freeway, Suite 330**
> **Houston, Texas  77040**
> **Phone:  (713) 365-0777 // Fax:  (713) 365-0808**

or its designated agent, at the address of the witness, or any other agreed-upon place.  The documents or things produced by the witness may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court. Notice is further given that request is hereby made as authorized under Rule 45, Federal Rules of Civil Procedure, to the officer handling this document production to issue a subpoena duces tecum and cause it to be served upon the witness to produce any and all records as described on the attached subpoena and/or Exhibit(s).

> **FROST DOMEL, PLLC**
> **/s/ EMILY FROST**
> **EMILY FROST**
> State Bar No.:  24036601
> Email Address:  emily@frostdomel.com
> **2499 S. CAPITAL OF TEXAS HWY**

**STE. B-2**
**AUSTIN, TEXAS 78746**

> **Austin, Texas  78746**
> Phone:  (512) 640-5500 // Fax:  (512) 934-0124
> Attorney for Plaintiff

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand-delivery, email, facsimile, Federal Express, electronic service, and/or certified mail (return receipt requested) on this day.

Dated: February 16, 2026                                                        by /s/ EMILY FROST

**File: 276622-1-20**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand-delivery, email, facsimile, Federal Express, electronic service, and/or certified mail (return receipt requested) on this day.

Dated:  February 16, 2026

*Mariana Garcia*

_____

Lexitas
13101 Northwest Freeway, Suite 330
Houston TX 77040
Phone:  713-365-0777

**Service List:**

Kimberly R. Miers
Littler Mendelson, P.C.
100 Congress Ave.
Suite 1400
Austin Texas 78701
Phone:  (512) 982-7263
Fax:  (512) 982-7248

Melinda J. Wetzel
Littler Mendelson, P.C.
100 Congress Ave.
Suite 1400
Austin Texas 78701
Phone:  (512) 982-7263
Fax:  (512) 982-7248

# EXHIBIT "A-1"

**DOCUMENTS TO BE PRODUCED:**

1.  All documents and communications regarding any complaint of sexual harassment against Judd Stone.

2.  Any communications between you and/or Judd Stone, Christopher Hilton, and/or Stone Hilton PLLC related to the Claims in this Lawsuit from May 2023 to present.

3.  Any communications between you and any person related to the Claims in this Lawsuit, excluding attorney-client communications.

4.  All documents and communications related to any termination or resignation of Judd Stone's employment by any employer, including but not limited to Office of Senator Ted Cruz.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, Or Objects or to Permit Inspection of Premises in a Civil Action

# IN THE IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| JORDAN ESKEW | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:25-cv-804-ADA |
| | ) | |
| STONE HILTON PLLC, CHRISTOPHER HILTON, AND JUDD STONE | ) ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Custodian of Records for:  Samuel Cooper; ███████████████████████████

*(Name of person to whom this subpoena is directed)*

☑ *Production:* You, or your representatives, must produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**Please refer to Exhibit "A" for a complete description of any and all files, business records, photographs and any other tangible items of any kind**

| Place:      Lexitas, , ,  | Date and Time:  03/03/2026 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:*   **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property

or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   2026-02-16T23:17:21Z

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ *EMILY FROST*

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing <u>Plaintiff</u> who issues or requests this subpoena, are:  EMILY  FROST; Email:  emily@frostdomel.com; FROST DOMEL, PLLC; 2499 S. CAPITAL OF TEXAS HWY; Austin, Texas  78746; Phone:  (512) 640-5500.

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, Or Objects or to Permit Inspection of Premises in a Civil Action  (Page 2)

Civil Action No.      1:25-cv-804-ADA

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                              *Server's signature*

                                                     _____
                                                              *Printed name and title*

                                                     _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, Or Objects or to Permit Inspection of Premises in a Civil Action  (Page 3)

File:  276622-1-20

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

CAUSE NO. 1:25-cv-804-ADA

| | | |
|---|---|---|
| **JORDAN ESKEW** | § | |
| **vs.** | § | **CIVIL ACTION NO 1:25-CV-804-ADA** |
| **STONE HILTON PLLC, CHRISTOPHER** | § | |
| **HILTON, AND JUDD STONE** | § | |

## NOTICE OF INTENTION TO SUBPOENA DOCUMENTS
## OR TANGIBLE THINGS WITHOUT A DEPOSITION

To all parties by and through their attorney(s) of record:  **SEE ATTACHED SERVICE LIST**

Please take notice that a Subpoena for the Production of Documents, Information, or Objects, or to Permit Inspection of Premises will be served upon the Custodian of Records for::

**Christine Schaffer-Babcock**

████████████       ████

Production will be after fourteen (14) days from the service of a copy hereof.  The witness will be instructed to produce such records to a Notary Public for:

> **Lexitas**
> **13101 Northwest Freeway, Suite 330**
> **Houston, Texas  77040**
> **Phone:  (713) 365-0777 // Fax:  (713) 365-0808**

or its designated agent, at the address of the witness, or any other agreed-upon place.  The documents or things produced by the witness may be used in evidence upon the trial of the above-styled and numbered cause pending in the above-named court. Notice is further given that request is hereby made as authorized under Rule 45, Federal Rules of Civil Procedure, to the officer handling this document production to issue a subpoena duces tecum and cause it to be served upon the witness to produce any and all records as described on the attached subpoena and/or Exhibit(s).

> **FROST DOMEL, PLLC**
> **/s/** *EMILY  FROST*
>
> **EMILY  FROST**
> State Bar No.:  24036601
> Email Address:  emily@frostdomel.com
> **2499 S. CAPITAL OF TEXAS HWY**

**STE. B-2**
**AUSTIN, TEXAS 78746**

> **Austin, Texas  78746**
> Phone:  (512) 640-5500 // Fax:  (512) 934-0124
> Attorney for Plaintiff

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand-delivery, email, facsimile, Federal Express, electronic service, and/or certified mail (return receipt requested) on this day.

Dated: February 16, 2026                         by /s/ *EMILY  FROST*

**File: 276622-1-21**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand-delivery, email, facsimile, Federal Express, electronic service, and/or certified mail (return receipt requested) on this day.

Dated:  February 16, 2026

_Mariza Garcia_

_____

Lexitas
13101 Northwest Freeway, Suite 330
Houston TX 77040
Phone:  713-365-0777

### Service List:

Kimberly R. Miers
Littler Mendelson, P.C.
100 Congress Ave.
Suite 1400
Austin Texas 78701
Phone:  (512) 982-7263
Fax:  (512) 982-7248

Melinda J. Wetzel
Littler Mendelson, P.C.
100 Congress Ave.
Suite 1400
Austin Texas 78701
Phone:  (512) 982-7263
Fax:  (512) 982-7248

# EXHIBIT "A-1"

**DOCUMENTS TO BE PRODUCED:**

1. All documents and communications regarding any complaint of sexual harassment against Judd Stone.

2. Any communications between you and/or Judd Stone, Christopher Hilton, and/or Stone Hilton PLLC related to the Claims in this Lawsuit from May 2023 to present.

3. Any communications between you and any person related to the Claims in this Lawsuit, excluding attorney-client communications.

4. All documents and communications related to any termination or resignation of Judd Stone's employment by any employer, including but not limited to Office of Senator Ted Cruz.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, Or Objects or to Permit Inspection of Premises in a Civil Action

# IN THE IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| JORDAN ESKEW | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:25-cv-804-ADA |
| | ) | |
| STONE HILTON PLLC, CHRISTOPHER HILTON, AND JUDD STONE | ) ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Custodian of Records for:  Christine Schaffer-Babcock; ███████████████████████

*(Name of person to whom this subpoena is directed)*

☑ *Production:* You, or your representatives, must produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
**Please refer to Exhibit "A" for a complete description of any and all files, business records, photographs and any other tangible items of any kind**

| Place:   Lexitas, , , | Date and Time:  03/03/2026 at 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:*   **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property

or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

| Date:   2026-02-16T23: 17:21Z | *CLERK OF COURT* | | /s/  *EMILY  FROST* |
|---|---|---|---|
| | *Signature of Clerk or Deputy Clerk* | OR | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing <u>Plaintiff</u> who issues or requests this subpoena, are:  EMILY  FROST; Email:  emily@frostdomel.com; FROST DOMEL, PLLC; 2499 S. CAPITAL OF TEXAS HWY; Austin, Texas  78746; Phone:  (512) 640-5500.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

File:  276622-1-21

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, Or Objects or to Permit Inspection of Premises in a Civil Action  (Page 2)

Civil Action No.      1:25-cv-804-ADA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, Or Objects or to Permit Inspection of Premises in a Civil Action  (Page 3)

File:  276622-1-21

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---