**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JORDAN ESKEW,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 1:25-cv-00804-ADA-SH** |
| **STONE HILTON PLLC, CHRISTOPHER HILTON, AND JUDD STONE,** | § § § § § | |
| **Defendants.** | § § § | |

**DEFENDANTS' AMENDED MOTION FOR SUMMARY JUDGMENT**

Kimberly R. Miers
Texas Bar No. 24041482
kmiers@littler.com
Melinda J. Wetzel
Texas Bar No. 24115637
mwetzel@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone:     512.982.7250
Facsimile:     512.982.7248

**ATTORNEYS FOR DEFENDANTS**

**TABLE OF CONTENTS**

**Content**                                                                                                    **Page**

I.    INTRODUCTION ................................................................................................................ 1

II.   ARGUMENT ...................................................................................................................... 3

      A.    Summary Judgment Standard .............................................................................. 3

      B.    Plaintiff Cannot Establish Her Claim for Sexual Harassment. ......................... 3

            1.    Plaintiff Identifies Only a Single Comment That Could
                  Even Be Arguably Construed as Sexual in Nature. ........................... 4

            2.    Plaintiff Cannot Establish the Conduct Occurred "Because
                  of Sex." ................................................................................................ 6

            3.    The Single Isolated Remark Is Neither Severe Nor
                  Pervasive As A Matter of Law. ........................................................... 7

      C.    Plaintiff Cannot Establish Intentional Infliction of Emotional
            Distress as a Matter of Law. ............................................................................... 11

            1.    Statutory Remedies Cover the Alleged Conduct, Barring
                  the IIED Claim. ................................................................................... 11

            2.    Plaintiff Cannot Establish Any Element of IIED ............................... 12

      D.    Plaintiff Cannot Establish Any Contractual or Equitable Basis to
            Recover Additional Compensation. .................................................................. 14

            1.    Breach of Contract Fails Because No Binding Agreement
                  Exists. .................................................................................................. 14

            2.    Promissory Estoppel Fails Because Plaintiff Cannot Show
                  a Definite Promise or Reasonable, Detrimental Reliance .................. 16

            3.    Quantum Meruit Fails Because Plaintiff Offers No
                  Evidence Her Pay Was Unreasonable. ............................................... 16

      E.    Plaintiff Cannot Establish Any Contractual or Equitable Basis to
            Recover Alleged Unreimbursed Expenses. ...................................................... 17

      F.    Plaintiff Was Exempt from FLSA Overtime as an Administrative
            Employee and, Independently, as a Highly Compensated
            Employee. ......................................................................................................... 17

            1.    Plaintiff Was an Exempt Administrative Employee. ......................... 18

2.	Plaintiff Was Also an Exempt Highly Compensated Employee. ............................................................................ 19

III.	CONCLUSION ................................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alief Indep. Sch. Dist. v. Brantley*,
558 S.W.3d 747 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ...................................7

*Amin v. United Parcel Serv., Inc.*,
66 F.4th 568 (5th Cir. 2023) ................................................................................................14

*Angelou v. African Overseas Union*,
33 S.W.3d 269 (Tex. App.—Houston [14th Dist.] 2000, no pet.)...........................................15

*Binh Hoa Le v. Exeter Fin. Corp.*,
No. 3:15-CV-3839-L, 2019 WL 1436375 (N.D. Tex. Mar. 31, 2019), *aff'd*,
990 F.3d 410 (5th Cir. 2021) ...............................................................................................14

*Brewerton v. Dalrymple*,
997 S.W.2d 212 (Tex. 1999)................................................................................................13

*Butler v. Collins*,
714 S.W.3d 562 (Tex. 2025).................................................................................................4

*Castro v. Bexar Cnty.*,
No. 5:23-CV-08-DAE, 2024 WL 3071571 (W.D. Tex. May 14, 2024)...................................7

*City of San Antonio v. Cancel*,
261 S.W.3d 778 (Tex. App.—Amarillo 2008, no pet.) ...........................................................9

*Collins v. Allied Pharm. Mgmt., Inc.*,
871 S.W.2d 929, 937 (Tex. App.—Houston [14th Dist.] 1994, no writ) ................................16

*Conner v. Lavaca Hosp. Dist.*,
267 F.3d 426 (5th Cir. 2001) ...............................................................................................14

*Creditwatch, Inc. v. Jackson*,
157 S.W.3d 814 (Tex. 2005)....................................................................................11, 13, 14

*DeWitt v. Magnificus Corp.*,
SA-25-CV-510-OLG, 2026 WL 847136 (W.D. Tex. Feb. 25, 2026), report &
rec. adopted, No. SA-25-CV-510-OLG, 2026 WL 841382 (W.D. Tex. Mar.
25, 2026) ...........................................................................................................................12

*Duffy v. Leading Edge Prods., Inc.*,
44 F.3d 308 (5th Cir. 1995) ..................................................................................................3

*Encino Motorcars, LLC v. Navarro*,
    584 U.S. 79 (2018)..................................................................................................................18

*Faragher v. City of Boca Raton*,
    524 U.S. 775 (1998)............................................................................................................8, 10

*Forsyth v. Barr*,
    19 F.3d 1527 (5th Cir. 1994) ...............................................................................................3

*Galvez v. Tornado Bus Co.*,
    No. 05-13-00993-CV, 2015 WL 1730175 (Tex. App.—Dallas Apr. 15, 2015,
    no pet.) ..................................................................................................................................16

*Gilchrist v. Schlumberger Tech. Corp.*,
    143 F.4th 620 (5th Cir. 2025) ..............................................................................................19

*Gilmartin v. KVTV—Channel 13*,
    985 S.W.2d 553 (Tex. App. —San Antonio 1998, no pet.)....................................................16

*GTE Sw., Inc. v. Bruce*,
    998 S.W.2d 605 (Tex. 1999)..............................................................................11, 12, 13, 14

*Hale v. Napolitano* .....................................................................................................................9, 10

*Harris v. Forklift Sys., Inc.*,
    510 U.S. 17 (1993)...............................................................................................................7, 8

*Hathaway v. General Mills, Inc.*,
    711 S.W.2d 227 (Tex. 1986)...............................................................................................15, 16

*Hill v. Shamoun & Norman, LLP*,
    544 S.W.3d 724 (Tex. 2018)..................................................................................................16

*Hoffmann-La Roche Inc. v. Zeltwanger*,
    144 S.W.3d 438 (Tex. 2004).............................................................................11, 12, 13

*Icicle Seafoods, Inc. v. Worthington*,
    475 U.S. 709 (1986)..............................................................................................................17

*Martinez v. ACA Team, LLC*,
    No. 02-25-00365-CV, 2026 WL 120063 (Tex. App.—Fort Worth Jan. 15,
    2026, no pet.) ........................................................................................................................6

*Mascarenas v. Gonzales*,
    No. EP-04-CA-0154-DB, 2006 WL 1529336 (W.D. Tex. Mar. 20, 2006) ...........................7

*Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)..............................................................................................................3

*Mayfield v. Tarrant Reg'l Water Dist.*,
467 S.W.3d 706 (Tex. App.—El Paso 2015, no pet.)................................................................9

*Meritor Sav. Bank, FSB v. Vinson*,
477 U.S. 57 (1986)....................................................................................................................7

*Montgomery Cnty. Hosp. Dist. v. Brown*,
965 S.W.2d 501 (Tex. 1998)...................................................................................................15

*Moore v. Innova Sols., Inc.*,
No. 3:24-cv-2181-B, 2025 WL 1334065 (N.D. Tex. May 7, 2025)......................................4, 6

*Moyer v. Jos. A. Bank Clothiers, Inc.*,
No. 3:11-CV-3076-L, 2013 WL 4434901 (N.D. Tex. Aug. 19, 2013)...................................11

*Muniz v. Columbia Sussex Corp.*,
477 F. App'x 189 (5th Cir. 2012)..............................................................................................9

*Muniz v. El Paso Marriott* ....................................................................................................8, 10

*Oncale v. Sundowner Offshore Servs., Inc.*,
523 U.S. 75 (1998)....................................................................................................................6

*Price v. Valvoline, L.L.C.*,
88 F.4th 1062 (5th Cir. 2023) ...............................................................................................7, 8

*Prime Prods., Inc. v. S.S.I. Plastics, Inc.*,
97 S.W.3d 631 (Tex. App.—Houston [1st Dist.] 2002, pet. denied)......................................14

*San Antonio Water Sys. v. Nicholas*,
461 S.W.3d 131 (Tex. 2015).................................................................................................8, 9

*Stacey v. Lange*,
No. CV H-21-2340, 2022 WL 103554 (S.D. Tex. Jan. 11, 2022) ..........................................13

*Standard Fruit & Vegetable Co. v. Johnson*,
985 S.W.2d 62 (Tex. 1998).....................................................................................................12

*Stelly v. Duriso*,
982 F.3d 403 (5th Cir. 2020) ..................................................................................................11

*Stewart v. Miss. Transp. Comm'n*,
586 F.3d 321 (5th Cir. 2009) ...............................................................................................3, 8

*Sullivan v. Leor Energy*,
LLC, 600 F.3d 542 (5th Cir. 2010).........................................................................................17

*T.O. Stanley Boot Co. v. Bank of El Paso*,
847 S.W.2d 218 (Tex. 1992)...................................................................................................14

*Tiller v. McLure*,
   121 S.W.3d 709 (Tex. 2003) (per curiam)................................................................13

*Tolan v. Cotton*,
   572 U.S. 650 (2014)...................................................................................................3

*Texas v. United States Dep't of Lab.*,
   756 F. Supp. 3d 361 (E.D. Tex. 2024)....................................................................18

*Victory Cap. Mgmt., Inc. v. Bass*,
   No. 04-23-00824-CV, 2025 WL 1452050 (Tex. App.—San Antonio May 21,
   2025, no pet.) ........................................................................................................4, 6

**Statutes**

29 U.S.C. § 213(a)(1)....................................................................................................17

Fair Labor Standard Act, 29 U.S.C. §§ 201 et seq.............................................. *passim*

FED. R. CIV. P. 56(A) .......................................................................................................3

TEX. LAB. CODE CH 21 .......................................................................................1, 4, 6, 12

TEX. LAB. CODE § 21.051(1)..............................................................................................4

TEX. LAB. CODE § 21.141(2)..........................................................................................4, 6

TEX LAB. CODE § 21.142 ...................................................................................................4

**Other Authorities**

29 C.F.R. §  541.200(a)(2)-(3) .......................................................................................19

29 C.F.R. § 541.200(a)...................................................................................................18

29 C.F.R. § 541.201(a)...................................................................................................19

29 C.F.R. § 541.202(a), (c) ............................................................................................19

29 C.F.R. § 541.203(d)-(e)..............................................................................................19

29 C.F.R. § 541.600(a) (2019)........................................................................................18

29 C.F.R. § 541.601 .......................................................................................................17

29 C.F.R. §§ 541.601(a), (b)(3) .....................................................................................19

29 C.F.R. § 541.601(c)....................................................................................................19

U.S. Dep't of Labor, https://www.dol.gov/agencies/ .....................................................................18

Defendants Stone Hilton PLLC, Christopher Hilton, and Judd Stone move for summary judgment and attach an Appendix of undisputed material facts and supporting evidence.

## I.    INTRODUCTION

This case is not a close call. Plaintiff's principal claim, sexual harassment under Chapter 21 of the Texas Labor Code, is not supported by law, precedent, or the undisputed factual record. It rests on allegations so insubstantial that, even if taken as true, they collapse under minimal scrutiny. Plaintiff asks this Court to radically dilute settled anti-discrimination standards and to transform routine workplace friction into actionable harassment. The law does not permit that result.

Plaintiff's sexual harassment claim centers on a single retort: after she commented that an aperitif shot was "the most disgusting thing" she had ever tasted, Stone replied, "I highly doubt that is the most disgusting thing that has ever been in your mouth." ECF No. 29, Second Amended Complaint, at ¶¶ 20, 84. That isolated comment, unaccompanied by any sexual advance, threat, repetition, physical contact, or follow-up conduct, is the sum of Plaintiff's allegations even arguably involving sexual content. The remainder of her narrative consists of non-sexual workplace friction—disagreements, raised voices, and performance-related criticism. There is no allegation of coercion, no sexual proposition, no pattern of conduct, and no evidence the single remark was made *because* Plaintiff is a woman. Under binding Supreme Court, Fifth Circuit, and Texas precedent, an isolated remark of this kind cannot sustain a harassment claim as a matter of law. Treating it as actionable would collapse the "severe or pervasive" standard entirely.

Once Plaintiff's extraneous accusations are stripped away, the conduct at issue is confined to a handful of routine workplace interactions. For purposes of this motion only, Defendants accept Plaintiff's testimony as true. Even on that generous premise, the record contains no evidence of conduct that was severe, pervasive, threatening, humiliating, or motivated by sex. Her sexual

1

harassment and related intentional infliction of emotional distress claims fail as a clear matter of law.

Plaintiff's remaining claims fare no better. She seeks an additional $5,000 per month in compensation based on an amorphous, unwritten alleged "promise" of a $15,000 monthly paycheck. Yet she admits she had no written employment agreement, was employed at-will, understood her employment was temporary, and accepted the $10,000 monthly salary (more than she had ever earned in any job) without objection. There is no evidence of a contract to support her breach of contract claim; no definite promise or reasonable, detrimental reliance to support her promissory estoppel claim; and no evidence that the value of her services exceeded the compensation she received to support her quantum meruit claim.

Plaintiff's claim for expenses is equally frivolous. The record shows that Stone Hilton issued her a $15,000 payment, which was grossed-up to more than $21,000, to reimburse non-deductible expenses and to include a bonus component. Her unilateral recharacterization of the entire payment as a "bonus" does not alter its purpose or legal effect.

Finally, Plaintiff's Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 et seq., misclassification claim ignores the reality of her role. Plaintiff managed a law firm and was highly compensated for that role. She was the firm's only administrative employee, earned a $10,000 monthly salary, and was responsible for establishing and managing all non-legal operations. She performed non-manual office work directly related to the firm's business operations and exercised independent judgment and discretion on matters of significance. Plaintiff falls squarely within both the administrative and the highly compensated employee exemptions and is therefore not entitled to overtime as a matter of law.

In short, every claim fails. The undisputed facts foreclose any triable issue on harassment,

2

emotional distress, contract or quasi-contract liability, or FLSA misclassification. The Court should not permit Plaintiff to continue weaponizing the judicial system and grant summary judgment on all claims. It is not only warranted, the law compels it.

## II.    ARGUMENT

### A.    Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014). Once the movant has presented sufficient evidence that no genuine dispute of material fact exists, the non-moving party must demonstrate a genuinely disputed fact by citing specific evidence in the record or by showing that the materials cited by the movant do not establish the absence of a genuine dispute. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986); FED. R. CIV. P. 56(C)(1)(A)-(B). "[C]onclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). Moreover, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

### B.    Plaintiff Cannot Establish Her Claim for Sexual Harassment.

To survive summary judgment, Plaintiff must prove: (1) unwelcome sexual harassment, (2) because of her sex, (3) that was "so severe or pervasive as to alter the conditions of employment and create a hostile work environment," and (4) some basis for holding the employer liable. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018); *see Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 330 (5th Cir. 2009). Texas courts look to federal authority when evaluating hostile environment claims. *See Alamo Heights*, 544 S.W.3d at 764 n. 5.

Even accepting Plaintiff's account as true for summary-judgment purposes only, this claim

3

fails at the threshold. Plaintiff attempts to convert ordinary workplace conflict, including conduct she initiated, into a sexual-harassment case. The Texas Labor Code does not permit that expansion, and the record forecloses it.

### 1.    Plaintiff Identifies Only a Single Comment That Could Even Be Arguably Construed as Sexual in Nature.

Chapter 21 defines "sexual harassment" narrowly. It requires Plaintiff to provide proof of "an unwelcome sexual advance, a request for a sexual favor, or any other *verbal or physical conduct of a sexual nature*" that unreasonably interferes with work performance or creates an "intimidating, hostile, or working offensive environment." TEX. LAB. CODE § 21.141(2) (emphasis added);[1] *see Moore v. Innova Sols., Inc.*, No. 3:24-cv-2181-B, 2025 WL 1334065, at \*4 (N.D. Tex. May 7, 2025) (dismissing claim because disrespect and workplace mistreatment were not sexual in nature); *Victory Cap. Mgmt., Inc. v. Bass*, No. 04-23-00824-CV, 2025 WL 1452050, at \*6 (Tex. App.—San Antonio May 21, 2025, no pet.) (holding plaintiff failed to adequately plead sexual harassment claim where alleged conduct was not "sexual in nature" within Section 21.141(2)).

Here, **Plaintiff identifies only <u>one</u> comment that could even arguably carry sexual overtones**: while at a bar with colleagues, after Plaintiff remarked that an aperitif shot was "the most disgusting thing" she had ever tasted, Stone allegedly responded, "I highly doubt that's the most disgusting thing that has ever been in your mouth." Ex. A, Pl. Dep. 110:23-111:4; ECF No. 29 at ¶ 20. Plaintiff confirmed that this single comment—together with "the general way he treated me" and Hilton's failure to object—form the entirety of her sexual harassment theory. *Id.* at

---

[1] Although Plaintiff fails to cite a statutory section under which she brings her claim, only Section 21.142 is available. Texas Labor Code § 21.051(1) applies to employers with 15 or more employees and does not permit individual liability. *Butler v. Collins*, 714 S.W.3d 562, 567 (Tex. 2025). Stone Hilton had seven employees during the relevant time frame. Ex. E, Stone Dep. 40:24-41:4.

268:20-269:24.

Plaintiff's other allegations are not sexual and cannot be repackaged to satisfy § 21.141(2):

- The "spank me" exchange Plaintiff initiated: Plaintiff admits that after Stone complained about Plaintiff's delayed lunch delivery, she responded, publicly and in front of visitors, "what are you going to do, spank me?" *Id.* at 108:10-11, 16-18, 109:13-25; Ex. C, Hilton Dep. 35:1-19, 37:2-38:4; Ex. E, Stone Dep. 132:3-16. Stone and Hilton privately counseled her on professionalism, insubordination, and timeliness. Ex. A, Pl. Dep. 109:13-110:4; Ex. C, Hilton Dep. 37:2-38:19, 39:12-16, 41:13-19, 43:9-21. Plaintiff apologized and agreed to act professionally. *Id*. at 110:5-11. Plaintiff did not testify that Stone or Hilton used any sexual or gender specific language during the incident; the only sexual comment at issue there was made by Plaintiff herself. Ex. A, Pl. Dep. 108:11-13, 16-25, 109:13-11, 204:17-20.

- Performance criticism and raised voices: Plaintiff alleges Stone once "scream[ed]" about an expense spreadsheet error and once "screamed" from the upstairs stairway landing, but she identifies no sexual language in either incident and does not contend these interactions were sexual in content. ECF No. 29 at ¶¶ 27, 31; Ex. A, Pl. Dep. 247:8-11; 261:7-12.

- "Bitch her out" hearsay: Plaintiff's hearsay assertion that Stone told another employee to "bitch her out" over a propane-tank timing issue contains no sexual content. ECF No. 29 at ¶ 30.

- Drink requests: Plaintiff complains that Stone twice asked her to make him a drink, but admits a male employee also made drinks. ECF No. 29 at ¶ 34; Ex. A, Pl. Dep. 200:8-10. She alleges no sexual language or implication.

- "No rules" comment: Plaintiff cites an alleged statement that "there are no rules" and "you can say whatever slurs whatever slurs you want," ECF No. 29 at ¶ 21, but that language is plainly not sexual.

5

- White trash comment: Plaintiff alleges a single instance in which she was referred to as "white trash" for wearing turquoise earrings. ECF No. 29 at ¶ 26.

Chapter 21 does not permit a sexual-harassment claim premised on non-sexual friction, rudeness, managerial criticism, or workplace disputes. *See Martinez v. ACA Team, LLC*, No. 02-25-00365-CV, 2026 WL 120063, at *6 (Tex. App.—Fort Worth Jan. 15, 2026, no pet.) (holding prior isolated comment with sexual undertones did not convert neutral workplace behavior into sexual harassment claim); *see also Moore*, 2025 WL 1334064, at *4; *Victory Cap. Mgmt.*, 2025 WL 1452050, at *6. At bottom, Plaintiff seeks to transform workplace disagreements and frustrations, punctuated by a single off-color remark, into a sexual-harassment claim. Section 21.141(2) does not permit that result.

### 2.    Plaintiff Cannot Establish the Conduct Occurred "Because of Sex."

Even assuming Stone's isolated remark carried sexual overtones, Plaintiff must prove it was made *because of sex*, not merely as a crude or ill-advised retort. The Texas Supreme Court has emphasized that anti-discrimination laws "do not guarantee a pleasant working environment devoid of profanity, off-color jokes, teasing, or even bullying"; they prohibit only mistreatment that occurs "*because of*" the employee's gender. *Alamo Heights*, 544 S.W.3d at 763. Likewise, the U.S. Supreme Court has made clear that words with "sexual content or connotations" are not automatically discrimination "because of sex." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998).

**Plaintiff offers no evidence—direct or circumstantial—that Stone's one-off remark was motivated by her sex**. The comment is gender-neutral on its face. No evidence suggests it was directed at her *because she is female*, as opposed to being a remark untethered to any sex-based animus.

Nor can Plaintiff transform the rest of her allegations into conduct occurring because of

6

Plaintiff's sex. As discussed above, they were not sexual in nature at all. They consist of facially neutral workplace disagreements, criticism, and task-related conflicts, which is exactly the type of conduct courts repeatedly hold cannot support a hostile-environment claim absent evidence (not speculation) of discriminatory motive. *See Price v. Valvoline, L.L.C.*, 88 F.4th 1062, 1067 (5th Cir. 2023) (excluding facially neutral actions, such as "nitpicking [plaintiff's] work, [or] 'being yelled at for asking a question,'" absent evidence of discriminatory motive); *Mascarenas v. Gonzales*, No. EP-04-CA-0154-DB, 2006 WL 1529336, at *5 (W.D. Tex. Mar. 20, 2006) ("[S]ex-neutral hostile conduct cannot be used to support a hostile environment claim.") (citation omitted); *Alief Indep. Sch. Dist. v. Brantley*, 558 S.W.3d 747, 758 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (finding no evidence that false accusations of plaintiff's disrespectful behavior and mistakes and removal of duties occurred because of gender or race). Plaintiff offers no such evidence.

Plaintiff asks this Court to infer sex-based animus where the record shows none. Binding authority forbids that leap. Because Plaintiff cannot offer evidence that any alleged conduct occurred *because she is a woman*, she cannot satisfy this element as a matter of law. *See Price*, 88 F.4th at 1067.

### 3. The Single Isolated Remark Is Neither Severe Nor Pervasive As A Matter of Law.

The hostile-environment standard is deliberately demanding. To be actionable, the workplace must be "permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions'" of employment. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986); *see Castro v. Bexar Cnty.*, No. 5:23-CV-08-DAE, 2024 WL 3071571, at *5 (W.D. Tex. May 14, 2024). Courts assess the totality of the circumstances, including the conduct's frequency;

its severity; "whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23; *see San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 138 (Tex. 2015); *Stewart*, 586 F.3d at 330. Both a subjective perception of abuse and an objectively reasonable one are required. *See Harris*, 510 U.S. at 21-22; *Stewart*, 586 F.3d at 330.

Title VII and Chapter 21 are not "general civility code[s]" and do not regulate "the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (citation omitted). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Id.* (citation omitted); *see Price*, 88 F.4th at 1067 (5th Cir. 2023) (holding that two instances of demeaning remarks insufficiently severe or pervasive).

### a.  Plaintiff's Allegations Fall Dramatically Short of Conduct Courts Routinely Find Insufficient.

Measured against that standard, Plaintiff's claim, based on a single quip, fails. The Fifth Circuit repeatedly rejects claims involving far more invasive, sustained, and explicitly sexual conduct. In *Barnett v. Boeing Co.*, the court held that the plaintiff failed to show an objectively hostile or abusive work environment despite finding evidence that she was leered at, touched in sexually inappropriate ways, and intimidated. 306 F. App'x 875, 879 (5th Cir. 2009). And in *Stewart*, the Fifth Circuit held that a supervisor's subjectively offensive utterances "every few days" were not objectively severe or pervasive. 586 F.3d at 330-31.

Cases within this District present an even starker contrast. In *Muniz v. El Paso Marriott*, a supervisor showed the plaintiff a pornographic image and made crude sexual gestures and a sexually suggestive comment about a bratwurst. 773 F. Supp. 2d 674, 679 (W.D. Tex. 2011), *aff'd*

8

*sub nom*, *Muniz v. Columbia Sussex Corp.*, 477 F. App'x 189 (5th Cir. 2012). In *Hale v. Napolitano*, a supervisor used "filthy, sexist and obscene language and jokes," undermined plaintiff, reassigned her duties, scrutinized her work, counseled her, and transferred her. No. SA-08-CV-106-XR, 2009 WL 1507144, at *6 (W.D. Tex. May 28, 2009). Recently, in *Hanna v. Cangshan Cutlery Co.*, the plaintiff's supervisor sat on her chair while leaning against her, asked personal questions, closed the door for meetings, commented on her appearance, played with her hair, suggested she break up with her boyfriend, and proposed dinners and trips. 767 F. Supp. 3d 384, 390-91 (W.D. Tex. 2025). In each case, the court found the conduct was not severe or pervasive.

Texas appellate courts are in accord. *See, e.g.*, *Nicholas*, 461 S.W.3d at 138-39 (holding that repeated lunch invitations could not reasonably be viewed as harassment and collecting cases finding isolated conduct, including reading sexual innuendo aloud, restroom gawking, underwear comments, and comments on intimate body parts, insufficient); *Mayfield v. Tarrant Reg'l Water Dist.*, 467 S.W.3d 706, 710, 714 (Tex. App.—El Paso 2015, no pet.) (showing plaintiff a picture of a penis plus non-sexual conduct insufficient); *City of San Antonio v. Cancel*, 261 S.W.3d 778, 786 (Tex. App.—Amarillo 2008, no pet.) (single meeting where supervisor repeatedly suggested plaintiff undress, made sexual remarks, and "kept messing with his pants area" not harassment).

Under this body of law, Plaintiff's theory is not merely unpersuasive, it is indefensible.

### b.  The Alleged Conduct Was Neither Severe Nor Pervasive Under Any Measure.

The totality of the circumstances does not support a hostile environment claim. The conduct was infrequent: Plaintiff identifies only a single remark with alleged sexual connotation. It was not severe or physically threatening: she admits there was no physical threat, no touching, no sexual advances, and no fear of physical or sexual assault. Ex. A, Pl. Dep. 148:2-4, 8-10; 167:5-

9

7, 184:9-13, 288:15-289-3. It was not humiliating: she did not perceive the comment as so humiliating that she had to leave, did not cry, and did not object; rather, she laughed (albeit "uncomfortably"), and remained at the bar. *Id.* at 111:13-14, 113:10-14, 201:25-202:3. *See Muniz*, 773 F. Supp. 2d at 679-80 (finding conduct involving sexual innuendo, pornographic images, and sexual gestures not severe or humiliating, "especially since there was no touching"); *Hale*, 2009 WL 1507144, at *6 (finding conduct that included use of "filthy, sexist and obscene language and jokes" was not severe, threatening, or humiliating).

Even crediting Plaintiff's account, **no reasonable person could find that a single off-color quip—especially when unaccompanied by threats, repetition, or work interference, approaches the severe-or-pervasive standard,** even if paired with non-sexual workplace criticism and raised voices. To hold otherwise would reduce a carefully calibrated doctrine into precisely the "general civility code" the Supreme Court consistently rejects. *See Faragher*, 524 U.S. at 788.

Plaintiff's hostile-environment claim asks this Court to dramatically dilute the severity-or-pervasiveness requirement. Binding precedent forbids that result.

### c.    Plaintiff Admits the Terms and Conditions of Her Employment Did Not Change.

Finally, Plaintiff admits that the terms, conditions and privileges of her employment were not affected by Defendants' conduct. "Central to the court's inquiry into a hostile environment claim is whether the alleged harasser's actions have undermined the victim's workplace competence, discouraged her from remaining on the job, or kept her from advancing in her career." *Hanna*, 767 F. Supp. 3d at 390 (citation omitted). Plaintiff testified that her job position and rate of pay did not change throughout the duration of her employment, and neither did her job responsibilities or the flexibility she was granted to work from home. Ex. A, Pl. Dep. 118:14-21,

10

269:25-271:5. Plaintiff further testified that her work performance was "okay," and she continued working through the end of the Paxton impeachment without seeking an early return to her guaranteed OAG position. *Id.* at 202:8-12, 263:24-264:8. Under these circumstances, where Defendants' conduct was not severe or pervasive and caused no change whatsoever to the terms and conditions of Plaintiff's employment, Plaintiff cannot establish a *prima facie* case of sexual harassment as a matter of law. *See Moyer v. Jos. A. Bank Clothiers, Inc.*, No. 3:11-CV-3076-L, 2013 WL 4434901, at \*12 (N.D. Tex. Aug. 19, 2013) (finding it significant that the plaintiff "was nonetheless able to perform her job" and was "a good employee and met all of her job requirements"). Therefore, Defendants are entitled to summary judgment on Plaintiff's sexual harassment claim.

### C. Plaintiff Cannot Establish Intentional Infliction of Emotional Distress as a Matter of Law.

Texas law strictly limits IIED claims to rare circumstances and bars claims where the alleged conduct is addressed by existing statutory remedies. *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). Even if the claim were not barred, Plaintiff cannot raise a genuine issue of material fact as to intent, extreme and outrageous conduct, or severe emotional distress. *See id.* at 445; *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 611 (Tex. 1999).

#### 1. Statutory Remedies Cover the Alleged Conduct, Barring the IIED Claim.

IIED is a narrow "gap-filler" tort that applies only when a plaintiff has "no other recognized theory of redress." *Zeltwanger*, 144 S.W.3d at 447. When "the gravamen of the plaintiff's complaint" is conduct addressed by an existing statutory claim—such as workplace harassment—IIED is barred, even if the plaintiff does not ultimately prevail on the statutory claim. *See id.* at 441, 447-48; *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005); *Stelly v. Duriso*, 982 F.3d 403, 408-09 (5th Cir. 2020).

11

Plaintiff's emotional distress allegations arise entirely from the same workplace events underlying her Chapter 21 claim: raised voices over a spreadsheet error, a crude retort at a bar, an alleged "white trash" remark, and generalized feelings of disrespect. Ex. A, Pl. Dep. 259:4-262:6. As to Hilton, Plaintiff alleges only a failure to help. *Id*. at 258:19-259-3. These allegations mirror, without addition, the conduct she claims created a hostile work environment.

Because Plaintiff identifies no independent, non-statutory conduct capable of supporting IIED, the claim is barred as a matter of law.

### 2. Plaintiff Cannot Establish Any Element of IIED.

Even if IIED were available, Plaintiff cannot satisfy any element of her claim. To prevail, she must prove that Defendants (1) acted intentionally or recklessly; (2) engaged in extreme and outrageous conduct; (3) caused emotional distress; and (4) that the emotional distress was severe. *Zeltwanger*, 144 S.W.3d at 445; *GTE Sw*., 998 S.W.2d at 611.

Plaintiff offers no evidence that Defendants intended to cause severe emotional distress or consciously disregarded the risk of doing so. *See Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 66-68 (Tex. 1998). At most, she alleges episodic workplace disagreements and isolated remarks—conduct that does not permit a reasonable inference that severe emotional distress was an intended or primary consequence.

Nor is the alleged conduct "extreme and outrageous." That standard requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Zeltwanger*, 144 S.W. 3d at 445 (citation omitted); see *DeWitt v. Magnificus Corp*., SA-25-CV-510-OLG (HJB), 2026 WL 847136, at *2 (W.D. Tex. Feb. 25, 2026), *report & rec. adopted*, No. SA-25-CV-510-OLG, 2026 WL 841382 (W.D. Tex. Mar. 25, 2026). "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Zeltwanger*, 144 S.W. 3d

at 445; *see Stacey v. Lange*, No. CV H-21-2340, 2022 WL 103554, at *3 (S.D. Tex. Jan. 11, 2022) (alleged verbal abuse and harassing personal text messages insufficient). Courts decide whether alleged conduct can meet this exacting standard. *Zeltwanger*, 144 S.W. 3d at 445; *Brewerton v. Dalrymple*, 997 S.W.2d 212, 216 (Tex. 1999).

Texas courts routinely reject IIED claims based on harsh, unpleasant, vulgar, or unfair conduct, including termination. *See Creditwatch*, 157 S.W.3d at 815-18; *Zeltwanger*, 144 S.W. 3d at 448-49; *Tiller v. McLure*, 121 S.W.3d 709, 710-11 (Tex. 2003) (per curiam). By contrast, a rare case allowing IIED involved constant, threatening, and physically intimidating conduct over lengthy time that created a "den of terror." *GTE Sw.*, 998 S.W.2d at 613-14, 617.

Plaintiff's allegations, one instance of raised voices (without recalling what was said), a crude remark, an alleged insult, and general feelings of being "less than," fall far short. She admits she was not afraid of physical harm or assault, and no Defendant ever made her cry. Ex. A, Pl. Dep. 148:2-4, 8-10; 167:5-7, 184:9-13, 207:5-8. Isolated verbal comments and ordinary workplace friction are not extreme and outrageous conduct, as a matter of law.

Finally, Plaintiff presents no evidence of emotional distress "so severe that no reasonable person could be expected to endure it." *GTE Sw*., 998 S.W.2d at 618. Plaintiff did not seek medical treatment or counseling relating to work distress, █████████████████████████ █████████. Ex. A, Pl. Dep. 254:16-24 (filed under seal), 265:5-9; Ex. A-31 (filed under seal). She remained at the bar after the comment and, a few months later, attended a celebratory champagne lunch with Defendants. *Id.* at 202:2-3, 203:18-20. She continued working for months, through the remainder of the Paxton impeachment, never inquiring about returning to her permanent OAG position. *Id.* at 202:4–9. These facts bear no resemblance to cases in which the necessary "extraordinarily damaging impact" was found, which have involved "severe

psychosomatic symptoms, suicidal ideation, a marked degradation in physical appearance, [or] post-traumatic stress disorder," or medical treatment for sustained abuse and PTSD. *Amin v. United Parcel Serv., Inc*., 66 F.4th 568, 574 (5th Cir. 2023) (withdrawal, unhappiness, anger, depression, and humiliation, and no treatment insufficient) (collecting cases); *see GTE Sw*., 998 S.W.2d at 619. At most, Plaintiff describes an "unpleasant and uncomfortable" workplace, which is insufficient as a matter of Texas law. *Creditwatch*, 157 S.W.3d at 816.

Because IIED is unavailable where statutory remedies govern the alleged conduct and because Plaintiff cannot raise a genuine issue of material fact as to intent, extreme and outrageous conduct, or severe emotional distress, summary judgment is required.

### D. Plaintiff Cannot Establish Any Contractual or Equitable Basis to Recover Additional Compensation.

Plaintiff asserts a single alternatively-pleaded claim for breach of contract, promissory estoppel, and quantum meruit, alleging Stone Hilton promised to pay her $15,000 per month but paid $10,000 per month. ECF No. 29 at ¶¶ 74-80. The undisputed record forecloses recovery of additional compensation under any theory.

#### 1. Breach of Contract Fails Because No Binding Agreement Exists.

A breach of contract claim requires proof of a valid contract, including an offer, acceptance, a meeting of the minds, mutual assent, and an intent to be bound. *Prime Prods., Inc. v. S.S.I. Plastics, Inc*., 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). The material terms of a contract must be "sufficiently definite" to determine the parties' obligations. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992). In the employment context, compensation, duties, and duration are essential contract terms. *Conner v. Lavaca Hosp. Dist*., 267 F.3d 426, 433 (5th Cir. 2001); *see Binh Hoa Le v. Exeter Fin. Corp*., No. 3:15-CV-3839-L, 2019 WL 1436375, at *50-51 (N.D. Tex. Mar. 31, 2019), *aff'd*, 990 F.3d 410 (5th Cir. 2021)

14

(oral promise to pay retention bonus was too indefinite where compensation amount and duties were uncertain).

Plaintiff admits there was no written agreement, and she concedes that when she agreed to join the impeachment team, compensation and duties were not discussed. Ex. A, Pl. Dep. 21:14-22:5, 252:20-23; Ex. A-30 (Request for Admission No. 4); *see* Ex. C, Hilton Dep.15:21-16:14; Ex. C, Stone Dep. 40:3-23, 77:25-78:13; 91:12-22. Because compensation was never discussed or agreed upon before Plaintiff left the OAG, no binding agreement, much less a guaranteed $15,000 monthly salary, was formed.

The "Monthly Cash Flow" document does not change the analysis. ECF No. 29 at ¶ 35; ECF No. 29-1. It is undated, unsigned, and contains no contractual language. Hilton testified it was merely a preliminary internal estimate, later abandoned. Ex. C, Hilton Dep. 162:22-163:8, 164:6-25, 165:20-166:9; Ex. C-1. The amount was never communicated to Plaintiff as a fixed or guaranteed salary, and no firm employee earned any salary close to the projected figures. Ex. C, Hilton Dep. 162:22--17, 166:18-23; Ex. A, Pl. Dep. 221:6-17; Ex. A-16. Both an offer and an acceptance must be clear and definite. *Angelou v. African Overseas Union*, 33 S.W.3d 269, 278 (Tex. App.—Houston [14th Dist.] 2000, no pet.). This preliminary estimate, which was never conveyed as an offer, cannot create contractual obligations.

Plaintiff's course of performance independently defeats her claim. She was paid $10,000 per month, observed the deposits, and continued working without objection. Ex. A, Pl. Dep. 115:16-116:21, 117:3-7, 237:6-238:4; Ex. A-24; Ex. A-25. An at-will employee who continues working after notice of compensation terms assents to those terms as a matter of law.[2] *Hathaway*

---

[2] At-will employment is the default, and overcoming it requires a clear and specific express agreement to the contrary, which is absent here. *Montgomery Cnty. Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502-03 (Tex. 1998). Plaintiff cannot transform her subjective desire to "stay through

*v. General Mills, Inc.*, 711 S.W.2d 227, 229 (Tex. 1986).

### 2. Promissory Estoppel Fails Because Plaintiff Cannot Show a Definite Promise or Reasonable, Detrimental Reliance.

Promissory estoppel requires a clear and definite promise and reasonable, detrimental reliance. *Gilmartin v. KVTV—Channel 13*, 985 S.W.2d 553, 558 (Tex. App. —San Antonio 1998, no pet.). Plaintiff cannot establish a definite promise of $15,000 per month. She was an at-will employee, admits compensation was never discussed when she agreed to join, was not told she could not leave at any time, and was on temporary leave. Ex. A, Pl. Dep. 21:14-22:5, 32:5-8; Ex. C, Hilton Dep. 15:25-16:14. As a matter of law, reliance on future compensation tied to at-will employment is unreasonable. *Collins v. Allied Pharm. Mgmt., Inc.*, 871 S.W.2d 929, 937 (Tex. App.—Houston [14th Dist.] 1994, no writ); *Galvez v. Tornado Bus Co.*, No. 05-13-00993-CV, 2015 WL 1730175, at *10 (Tex. App.—Dallas Apr. 15, 2015, no pet.).

Any claim of reliance independently fails because she accepted the compensation and continued working without complaint. Ex A, Pl. Dep. 115:16-116:21; *Hathaway*, 711 S.W.2d at 229.

### 3. Quantum Meruit Fails Because Plaintiff Offers No Evidence Her Pay Was Unreasonable.

Quantum meruit allows recovery only for the reasonable value of services rendered by plaintiff, which have not been paid. *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 733 (Tex. 2018). Plaintiff must prove her compensation was less than the "reasonable value" of her work. *Id.* at 736; *see Galvez*, 2015 WL 1730175, at *9. Plaintiff does not claim nonpayment. The record shows she received $10,000 per month for four months plus an additional payment of $21,656.74 covering expenses and a bonus. Ex. A, Pl. Dep. 237:6-238:8; Ex. A-24; Ex. A-25; Ex. C, Hilton

---

trial" into an enforceable fixed-term contract. No one promised her four months of employment or told her she could not leave at any time. Ex. A, Pl. Dep. 32:5-8; Ex. C, Hilton Dep. 15:21-16:14.

16

Dep. 128:17-130:10, 167:14-22; Ex. G-1. Plaintiff offers no evidence that this compensation was below the reasonable value of her work and admitted it was "more … than any job ever" had paid her. Ex. A, Pl. Dep. 116:10-21. Quantum meruit cannot be used to enforce alleged but unenforceable pay expectations. *Sullivan v. Leor Energy*, LLC, 600 F.3d 542, 550 (5th Cir. 2010).

### E. Plaintiff Cannot Establish Any Contractual or Equitable Basis to Recover Alleged Unreimbursed Expenses.

Plaintiff seeks $4,562.02 in alleged unreimbursed expenses. ECF No. 29 at ¶ 75. Texas law imposes no duty on private employers to reimburse expenses absent a contractual obligation or minimum wage violation. Plaintiff does not claim the latter, and the former does not exist here. Defendants paid her far more than $4,562.02, foreclosing recovery.

Beyond her $10,000 monthly wage, Plaintiff received a gross payment of $21,656.74, netting $15,000 and admits this exceeded her claimed unreimbursed expenses. Ex. A, Pl. Dep. 238:1-8, 240:20-241:3; Ex. A-24; Ex. A-25. The payment reflected Stone Hilton's reimbursement of expenses, adopted on its accountant's advice, using grossed-up taxable payments, with the excess treated as a bonus. Ex. C, Hilton Dep. 128:17-130:10, 167:14-22; Ex. G-1; Ex. F, Amy Hilton Dep. 82:17-22; 83:16-84:11. Plaintiff was aware of, and included in, early communications about this process. Ex. G-1.

Because Plaintiff received more than her claimed expenses, she cannot establish breach or damages (contract), detrimental reliance (promissory estoppel) or nonpayment (quantum meruit). Defendants are entitled to summary judgment on the expense reimbursement claims.

### F. Plaintiff Was Exempt from FLSA Overtime as an Administrative Employee and, Independently, as a Highly Compensated Employee.

The FLSA exempts employees employed in a bona fide administrative capacity and highly compensated employees ("HCEs") from overtime. 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.601. Exempt status is a question of law. *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986).

17

Exemptions receive a fair, rather than a narrow, construction. *Encino Motorcars, LLC v. Navarro*, 584 U.S. 79, 88 (2018). Plaintiff was exempt under both exemptions, and her overtime claim fails.

### 1.    Plaintiff Was an Exempt Administrative Employee.

An employee qualifies for the administrative exemption if she: (1) is paid at least $684.00 per week on a salary basis;[3] (2) primarily performs office or non-manual work directly related to the employer's management or general business operations; and (3) exercises discretion and independent judgment on matters of significance. 29 C.F.R. § 541.200(a).

The salary test is undisputed. Plaintiff earned $10,000 per month ($120,000 annualized), far exceeding the threshold. Ex. A, Pl. Dep. 237:6-14; Ex. A-24.

Plaintiff's primary duty was managing Stone Hilton's non-legal business operations. Ex. C, Hilton Dep. 23:16-24:4; 26:2-4; Ex. E, Stone Dep. 44:16-25, 89:2-8. As the only non-attorney employee, she handled office selection and set-up; utilities, telecommunications, and internet services; procurement of furniture, equipment, and supplies; vendor selection and coordination; building maintenance and repairs; insurance arrangements; incorporation filings; and expense-tracking and coordination with the firm's CPA. Ex. A, Pl. Dep. 119:12-19, 120:16-121:20, 122:4-5, 12-16, 123:14-126:4, 127:15-22, 128:11-129:12, 131:11-132:5; Ex. A-5; Ex. A-6; Ex. A-8; Ex. C, Hilton Dep. 24:5-21, 26:12-19, 32:1-9, 85:17-86:3; 86:11-16, 100:13-101:2, 102:6-104:7; Ex. E, Stone Dep. 44:10-15, 47:10-21, 48:16-22, 51:9-52:9. These duties relate to "running or servicing of the business," as distinguished from producing the legal services the firm

---

[3] *See* 29 C.F.R. § 541.600(a) (2019) (salary level of $684 per week); *Texas v. United States Dep't of Lab.*, 756 F. Supp. 3d 361, 399 (E.D. Tex. 2024) (vacating the DOL's 2024 rule that raised the minimum salary to $844 per week on July 1, 2024; https://www.dol.gov/agencies/whd/overtime/salary-levels (explaining the continued applicability of the 2019 rule's minimum salary level of $684 per week for administrate employees and minimum total annual compensation of $107,432 per year for the highly compensated employees) (last visited Apr. 16, 2026).

provided. 29 C.F.R. § 541.201(a); *see Gilchrist v. Schlumberger Tech. Corp.*, 143 F.4th 620, 625 (5th Cir. 2025) (quoting 29 C.F.R. § 541.201(a)).

Plaintiff also exercised discretion and independent judgment on matters of significance, evaluating possible courses of conduct and making decisions or recommendations. 29 C.F.R. § 541.202(a), (c). She independently evaluated office-space options, selected vendors and service providers, coordinated repairs and maintenance, worked with the CPA on expense classification, made procurement decisions, and advised Stone and Hilton on operational and technology matters. Ex. A, Pl. Dep. 124:19-126:1, 127:15-22, 128:11-129:12, 131:22-132:5, Ex. A-8; Ex. C, Hilton Dep. 23:16-24:21, 85:17-86:3, 86:11-16; 100:13-104:7; Ex. E, Stone Dep. 44:14-15, 47:10-21, 48:16-22. Hilton and Stone delegated non-legal operations to Plaintiff and frequently deferred to her recommendations. Ex. C, Hilton Dep. 23:16-24:21, 26:2-4; Ex. E, Stone Dep. 44:10-25, 47:10-48:2, 48:16-22, 51:9-52:9, 89:2-8. Final decision-making authority is not required. 29 C.F.R. § 541.202(c). Plaintiff therefore meets all elements of the administrative exemption.

### 2.    Plaintiff Was Also an Exempt Highly Compensated Employee.

Plaintiff also qualifies as an exempt HCE. The HCE exemption applies where an employee (1) earns at least $107,432 annually (or the pro-rated equivalent), and (2) customarily and regularly performs at least one exempt administrative duty. 29 C.F.R. § 541.601(a), (b)(3); *see supra* n.3.

Plaintiff's $120,000 annualized salary exceeds the regulatory minimum. As shown above, Plaintiff regularly performed exempt administrative, including office/non-manual work related to Stone Hilton's business operations and, separately, discretionary decision-making on matters of significance. *See* 29 C.F.R. §§ 541.200(a)(2)-(3), 541.201; *see also id.* at § 541.203(d)-(e). Performance of either duty independently satisfies the HCE test. 29 C.F.R. § 541.601(c).

Because Plaintiff was exempt under both the administrative and HCE exemptions, Stone Hilton was not required to pay her overtime under the FLSA.  Her claim fails as a matter of law.

19

### III.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Summary Judgment, that Plaintiff take nothing, and that Defendants be awarded such other and further relief to which they are justly entitled.

Dated:  May 1, 2026                                Respectfully submitted,


                                                   */s/Melinda J. Wetzel*
                                                   Kimberly R. Miers
                                                   Texas Bar No. 24041482
                                                   kmiers@littler.com
                                                   Melinda J. Wetzel
                                                   Texas Bar No. 24115637
                                                   mwetzel@littler.com
                                                   LITTLER MENDELSON, P.C.
                                                   100 Congress Avenue, Suite 1400
                                                   Austin, Texas 78701
                                                   Telephone:    512.982.7250
                                                   Facsimile:    512.982.7248

                                                   **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2026, a true and correct copy of the foregoing was served on all counsel of record by the Court's ECF system, including:

Emily Frost
Frost Domel PLLC
2499 S. Capital of Texas Hwy.
Suite B-203
Austin, Texas 78746
emily@frostdomel.com

Michael E. Lovins
Lovins Law
1301 S. Capital of Texas Hwy., A-136
Austin, Texas 78746
michael@lovinslaw.com

***Attorneys for Plaintiff***

*/s/Melinda J. Wetzel*

Kimberly R. Miers
Melinda J. Wetzel

4904-9844-4967.4 / 128997.1002

21