**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JORDAN ESKEW,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL NO. 1:25-CV-00804-ADA** |
| **v.** | § | |
| | § | |
| **STONE HILTON PLLC,** | § | |
| **CHRISTOPHER HILTON, and JUDD** | § | |
| **STONE,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER RE PENDING MOTIONS & REFERRING CASE TO MEDIATION

Pending before the Court are the following motions:

- Defendants' Motion for Judgment on the Pleadings (ECF No. 62) & Defendants' Related Motion for Rule 11 Sanctions (ECF No. 71);

- Plaintiff's Amended Motion to Compel (ECF No. 67) & Third Party Amy Hilton's Related Motion for Protection (ECF No. 77);

- Defendants' Motion to Exclude (ECF No. 80).

The order below memorializes the rulings the Court made during the April 30, 2026 motions hearing. This order also incorporates by reference the reasonings for the Court's rulings as stated on the record. In coming to its conclusions, the Court considered the briefing of the parties, all cited exhibits, oral argument, and the relevant law, even if not referenced or cited below.

| Motion | Order |
|---|---|
| Defendants' Motion for Judgment on the Pleadings (ECF No. 62) & Defendants' Related Motion for Rule 11 Sanctions (ECF No. 71) | **ECF No. 62 is granted. ECF No. 71 is denied.** <br><br> The issue before the Court is whether Defendants' motion for judgment on the pleadings related to Plaintiff's race-based hostile work environment claim should be granted. The Court finds that, as a matter of law, Plaintiff has not pled sufficient factual matter, accepted as true, to state a valid claim for relief. |

*See Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001).[1]

Here, Plaintiff pled she experienced a racially hostile work environment because a supervisor said two comments at different times: (1) Plaintiff is white trash because she was wearing turquoise earrings and (2) slurs were acceptable in the workplace.  Accepting all of Plaintiff's allegations as true, the Court finds that Plaintiff has failed to sufficiently plead a claim of race-based hostile work environment because isolated "instances of a racial epithet does not, in itself, support a claim of hostile work environment" unless "under the totality of the circumstances," ***the harassment is severe***, such as being called the N-word or being called a racial epithet combined with other improper behavior.  *See Woods v. Cantrell*, 29 F.4th 284, 285 (5th Cir. 2022). Even when viewing the pleadings in the light most favorable to Plaintiff, Plaintiff's allegations are insufficient to state a valid claim to relief.  Plaintiff argues a single instance of being called a racial epithet can be enough, but every case she cites includes the use of the N-word, or other severe allegations of misconduct.  *See* ECF No. 74 at 6–7 (citing *Henry v. CorpCar Servs. Houston, Ltd.*, 625 F. App'x 607, 608 (5th Cir. 2015) for the proposition that one instance of racial harassment can be enough, but failing to note that the one instance in *Henry* involved an employer who hired a white woman, coinciding with Juneteenth celebrations, to wear a gorilla suit and dance on black employees).  The Court finds that Plaintiff's cited cases are extremely distinguishable from a single use of the word "white trash" and an unrelated statement that slurs are acceptable.  For example, counsel for both sides were comfortable using the term white trash during the hearing but no one, when explaining the cases Plaintiff relies on, used the full N-word.  Moreover, Defendants are also white, cutting against Plaintiff's claim.  ECF No. 71 at 1 n.1.  Thus, the Court grants Defendant's Motion for Judgment on the Pleadings (ECF No. 62).

Defendants filed a motion for sanctions under Rule 11 related to Plaintiff's refusal to dismiss this cause of action.  ECF No. 71.  Sanctions are appropriate under Rule 11(b)(2) when a party advocates a legal contention that is objectively unreasonable.  *See Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 528

---

[1]  The Court assumes, *arguendo*, that it should consider the additional allegations Plaintiff supplied in her responsive motion that are not included in her complaint.  But the Court does not consider the allegation related to a health insurance text message, because the Plaintiff never alleged she was aware of that comment being made or existing.  *See* ECF No. 79 at 3 n.2.

| | |
|---|---|
| | (5th Cir. 2016); *Symbology Innovations, LLC v. Valve Corporation*, 2025 WL 364075, *4–5 (E.D. Tex. 2025); ECF No. 71. Here, the Court agrees with Plaintiff that one instance of racial harassment may be enough to plead a hostile work environment claim. Plaintiff pled that her supervisor called her a racial epithet. While this pleading failed at the judgment on the pleadings stage for the reasons stated above, the Court does not agree that it was so "objectively baseless" to violate Rule 11. Thus, Defendants' motion (ECF No.71) is denied. |
| Plaintiff's Amended Motion to Compel (ECF No. 67) & Third Party Amy Hilton's Related Motion for Protection (ECF No. 77); | **ECF No. 67 is denied. ECF No. 77 is granted.**<br><br>The issue before the Court is whether the Court should compel Ms. Hilton to attend a second deposition. "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). Ms. Hilton already attended one deposition, fulfilling her requirement under Rule 30. To the extent that the parties complain about her refusal to answer certain questions, the Court finds that both parties are at fault for Ms. Hilton's refusal to testify. *See* ECF No. 67 at 3 (discussing Defendants' refusal to agree that Ms. Hilton would not be sued for testifying despite being the party who subpoenaed Ms. Hilton); ECF No. 70 at 4 (noting that Plaintiff's counsel also encouraged Ms. Hilton to not testify fully). Moreover, given the Court's ruling on Defendants' Motion for Judgment on the Pleadings, Ms. Hilton's attorney represented the information sought by both parties is now likely irrelevant. Neither party argued otherwise. Thus, the Court grants Ms. Hilton's request for protection (ECF No. 77).<br><br>All three parties requested sanctions related to this dispute. ECF Nos. 67 at 4 (Plaintiff requesting fees and costs); 70 at 10 (Defendant requesting expenses); 77 at 13 (Ms. Hilton requesting costs and fees). "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Here, for the reasons stated above and detailed in Ms. Hilton's motion, the Court finds that Plaintiff and Defendants each impeded and frustrated a fair examination of Ms. Hilton. Thus, as stated on the record, the Court grants Ms. Hilton's request for "costs and fees incurred for defending Ms. Hilton's deposition and responding to the parties' [] filings." ECF No. 77 at 13. The Court divides these costs 50/50 between Plaintiff and Defendants. |

3

| Defendants' Motion to Exclude (ECF No. 80) | **ECF No. 80 is granted.**<br><br>Defendants ask that the Court exclude a 2019 Internal Senate Memo related to Mr. Stone's prior employer.  Plaintiff did not respond to Defendants' request, most likely due to the Court denying Plaintiff's related motion for reconsideration prior to Plaintiff's deadline to file a reply.  *See* ECF Nos. 72; 80; 83. But, in general, Plaintiff has consistently argued that this evidence may be relevant or admissible under Fed. R. Evid. 404(b) because it can show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404.  Plaintiff's assertions of relevance on this issue, which continues to arise related to Defendant Stone's possible prior acts of misconduct that may have occurred years ago with different parties and with a different employer, is merely conclusory and restates the legal rule.  *See* ECF No. 72 at 1–2; *cf. id.* n.1 (discussing cases where, for example, intent was at issue for the defendant's motive related to discharging employees).  Here,  Plaintiff never explains how identify, plan, knowledge, absence of mistake, etc. are actually at issue in this case—or how these incidents that occurred years ago with different employers and different parties would make any fact here more or less probable.  Fed. R. Evid. 401.  Thus, the Court believes the only possible relevance of this information is for a prohibited purpose—to prove that Defendant Stone acted in accordance with his alleged bad character.  Fed. R. Evid. 404(a).  Thus, Defendants' motion to exclude is granted. |

After the April 30 hearing, the parties requested that this Court refer the parties to mediation.  The Court grants that request.  The parties are **ORDERED** to contact Judge Howell's chambers and schedule mediation during the month of May at Judge Howell's convenience and to provide a status update to this Court related to the mediation once it concludes.

Signed: 05/07/2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE